Burnette THOMAS, Plaintiff,

v.

REHABILITATION SERVICES OF COLUMBUS, INC., Defendant.

No. 1:98–CV–134–2(WLS).

United States District Court,
M.D. Georgia,
Albany Division.

March 19, 1999.

Maurice L. King, Jr., Albany, GA, for Burnette Thomas, plaintiff.

James E. Humes, II, Columbus, GA, for Rehabilitation Services of Columbus, Inc., defendant.

## ORDER

SANDS, District Judge.

Plaintiff Burnette Thomas ("Thomas") filed her complaint in the above-entitled action for legal and equitable remedies for alleged violations of her civil rights by Defendant Rehabilitation Services of Columbus, Inc. ("Rehabilitation Services"), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* Thomas, who is a black female over forty years old, alleges that Rehabilitation Services unlawfully discriminated against her because of her race and age in demoting her to another position. Thomas further alleges that Rehabilitation Services retaliated against her after she objected to the alleged discrimination. Rehabilitation Services filed an answer, and in conjunction with its answer, has filed a Motion to Dismiss based upon its contention that venue and jurisdiction is improper in this Court. For the reasons set forth below, the Court holds that Rehabilitation Services' motion should be denied.

## DISCUSSION

Rehabilitation Services contends that Thomas agreed to a forum selection clause as part of her employment contract. According to Rehabilitation Services, the forum selection clause in the contract provides that if Thomas sues the firm, she must file her suit in the state or federal courts of Muscogee County, Georgia. Rehabilitation Services argues that "both venue and jurisdiction over the person of the Parties is inappropriate in the [Albany] Division of the Middle District," Def.'s Mem.Supp.Mot. Dismiss at 2, and has moved to dismiss Thomas' complaint in order to enforce the forum selection clause in the contract.

Thomas objects to Rehabilitation Services' motion and insists that both jurisdiction and venue are proper in this Court.

### I *Jurisdiction*

Rehabilitation Services contends that this Court lacks "jurisdiction of the person," Def.'s Mot. Dismiss, and by this assertion apparently moves to dismiss the complaint under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

In its answer, Rehabilitation Services admits that at all times relevant to the complaint, it was a corporation in the State of Georgia, with an address listed in Columbus, Georgia, and doing business within this judicial district. Ans. Fourth Defense ¶ 4. Rehabilitation Services further admits "that the *Defendant has agreed to submit herself (sic) to Jurisdiction* and Venue of Courts *in* Muscogee County, *Georgia,* for the type complaint filed in this case and that venue is appropriate only in Muscogee County, Georgia." *Id.* ¶ 2 (emphasis added). The latter admission evidently refers to the forum selection clause allegedly agreed upon between the parties in the employment contract.

This Court manifestly has personal jurisdiction over Rehabilitation Services on either basis, even assuming, *arguendo,* that the forum selection clause is valid and binding upon the parties. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). Accordingly, the Court holds that Rehabilitation Services' motion to dismiss for lack of personal jurisdiction should be denied.

### II *Venue*

As noted above, Rehabilitation Services asserts in its answer "that venue is appropriate only in Muscogee County, Georgia," Ans. Fourth Defense ¶ 2, and now moves to dismiss the complaint because venue is improper. Although the defendant has not specified the statutory basis for its motion, the Court shall consider the motion to dismiss as one brought pursuant to Rule 12(b)(3). *See Lipcon v. Underwriter's at Lloyd's, London,* 148

F.3d 1285, 1289–90 (11th Cir.1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 851, 142 L.Ed.2d 704 (1999) (explaining that Rule 12(b)(3) is the appropriate vehicle for raising a motion to dismiss for improper venue on the basis of a forum selection clause). Since Rule 12 plainly permits a party to make by motion certain enumerated defenses "in law or fact," the Court may consider matters outside the pleadings, particularly when the motion is predicated upon key issues of fact. Of course, when a party moves for dismissal for failure to state a claim under subsection (6), the rule specifically provides that if the Court considers matters outside the pleadings, the Court is required to convert the motion to one for summary judgment under Rule 56 and serve notice upon the parties so that they may present all material made pertinent to such a motion. For defenses raised under subsections (1) through (5), however, the Court may consider matters outside the pleadings, and often must do so, since without aid of such outside materials the Court would be unable to discern the actual basis, in fact, of a party's challenge to the bare allegation in the complaint that, as here, venue is proper in this Court. *Transmirra Prods. Corp. v. Fourco Glass Co.,* 246 F.2d 538–39 (2nd Cir. 1957) (resolving motion to dismiss because of improper venue "in the usual manner on affidavits, here supplemented by answers to interrogatories, and a deposition from one of the defendant's employees in the district, rather than by a full trial"); *Exchange Nat'l Bank of Chicago v. Touche Ross & Co.,* 544 F.2d 1126, 1130–31 (2nd Cir.1976) (explaining use of outside materials to resolve motion to dismiss under Rule 12(b)(1)); *see generally,* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1364 (2nd ed.1990).

Rehabilitation Services contends that Thomas agreed to a forum selection clause by virtue of signing a form, entitled "Acknowledgment of Receipt and Understanding of the RSOC Employee Handbook" (hereinafter "the Acknowledgment form").[1] According to the affidavit filed by Roger W. Butterbaugh, Director, Human Resources of Rehabilitation Services, "[e]ach employee of [Rehabilitation Services] is asked to acknowledge receipt and understanding of the Defendant's Handbook and, at the same time, agree to the aforesaid provision regarding where the employee should sue the Defendant, if the employee chose to do so." Butterbaugh Aff. ¶ 4. Rehabilitation Services argues that by signing the Acknowledgment form on September 7, 1997, Thomas agreed to the forum selection clause, apparently as part of or in the course of maintaining her employment contract. Def.'s Mem.Supp. Mot. at 2.

Assuming, *arguendo,* that Thomas' signature on the Acknowledgment form constitutes a contractual agreement to limit

---

1. The Acknowledgment form reads as follows:

"This is to certify that I have read this employee handbook and am familiar with its contents. I understand that it is not a binding contract, but a set of guidelines for the implementation of personnel policies. I understand that RSOC may modify any of the provisions of this handbook at any time, with or without notice, and may deviate from any provision of this handbook at its sole discretion. I also understand that, notwithstanding any of the provisions of this handbook, I am employed on an at-will basis. My employment may be terminated at any time, either by me or by RSOC, with or without cause. I understand that no representative of RSOC, other than the President, has any authority to enter into any agreement for employment for any specified period of time, or to make any agreement contrary to the foregoing. I acknowledge that I do not in any way rely upon the provisions of this employee handbook in accepting or continuing my employment with RSOC. I also acknowledge and agree that the terms and conditions contained in the RSOC Employee Handbook, as well as all rights, obligations, duties, and responsibilities concerning the terms and conditions of my employment with RSOC, will be construed under, and determined by, applicable laws, regulations, and guidelines of the United States of America and of the State of Georgia. I further acknowledge that should I attempt to file suit against RSOC, that I agree to do so in either the State or Federal Courts located in Muscogee County, Georgia."

her choice of venue to either the State or Federal Courts located in Muscogee County, Georgia, the Court concludes that the forum selection clause should not be enforced in this action on two separate, yet related, grounds.

### 1. Transfer Pursuant to the Forum Selection Clause Is Unwarranted

■ Although Rehabilitation Services has moved simply for dismissal, the appropriate procedural vehicle to enforce the forum selection clause at issue here is one to dismiss, pursuant to Rule 12(b)(3), or in the alternative, to transfer, pursuant to 28 U.S.C. § 1404(a). *Compare Haskel v. FPR Registry, Inc.*, 862 F.Supp. 909, 913–16 (E.D.N.Y.1994) (explaining that if transfer to another federal forum is appropriate under the terms of the forum selection clause at issue, the proper procedure for enforcing the forum selection clause is through a motion to transfer, pursuant to § 1404(a)); *with International Software Systems, Inc. v. Amplicon, Inc.*, 77 F.3d 112, 115 (5th Cir.1996) (explaining that if transfer to another federal forum is foreclosed by the terms of a forum selection clause that limits the agreed upon venue to a state court, the proper procedure for enforcing the forum selection clause is through a motion to dismiss pursuant to Rule 12(b)(3)). It is important to note, at the outset, that based on the allegations in the complaint, as supplemented by the materials filed in connection with the instant motion, venue is proper in this Court. 28 U.S.C. § 1391(b). Moreover, if the Court instead determines that Rehabilitation Services' motion should be granted, the

proper remedy would be to transfer the case to the Columbus Division of the Middle District of Georgia, as the forum selection clause permits. 28 U.S.C. § 1406(a) (authorizing transfer rather than dismissal "if it be in the interest of justice"). Accordingly, for the purposes of this analysis, the Court shall consider the motion as one for transfer, pursuant to § 1404(a).

Under § 1404(a), a district court may order a case to be transferred to a division where it might have been brought "[f]or the convenience of parties and witnesses, or in the interest of justice." The Supreme Court has interpreted § 1404(a) as vesting the responsibility with the district court to "adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness," and thereby consider a number of case-specific factors which may bear on the motion. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988) (quotation and citation omitted). That individualized assessment of the motion "encompasses consideration of the parties' private expression of their venue preferences," such that, to paraphrase the high Court's instruction, this Court must address such issues as the convenience of the Columbus Division given their apparent expressed preference for that venue, as well as "the fairness of transfer in light of the forum-selection clause and the parties' relative bargaining power." *Id.* at 29–30, 108 S.Ct. at 2244.

■ Even assuming that Thomas agreed to the forum selection clause as contained in the Acknowledgment form,[2] the parties' agreement concerning the

---

**2.** The Court recognizes that Thomas vigorously objects to Rehabilitation Services' contention that she agreed to the forum selection clause, maintains that she did not knowingly and voluntarily waive any of her federal statutory rights during her employment with Rehabilitation Services, and presents several arguments to show that the form she signed does not create a contractual agreement. Thomas Aff. ¶¶ 4, 5; Pl.'s Resp. at 7–8. In this regard, the Court notes that Thomas signed the Acknowledgment form on September 5, 1997, long after she had filed her charge of discrim-

ination with the EEOC on November 5, 1996. Nevertheless, because the Court ultimately holds that the forum selection clause contained in the Acknowledgment form is unenforceable with respect to the claims embraced in this action, the Court need not make any findings of fact, and neither expresses nor implies any view, concerning the circumstances surrounding the parties' conduct and whether Thomas' signature on the Acknowledgment form manifests an agreement between the parties to the forum selection clause.

choice of venue is not dispositive. *Stewart,* 487 U.S. at 31, 108 S.Ct. at 2245. The Court is obligated to consider other factors specific to this case to determine whether to transfer this action, namely, the convenience of the parties and witnesses and, somewhat apart from these private concerns, the interest of justice which captures "those public-interest factors of systemic integrity and fairness." *Id.* at 30, 108 S.Ct. at 2244.

The record concerning these other factors is sparse: Neither party has indicated whether they or their respective witnesses will be inconvenienced by having to litigate this action in the Albany Division, as compared to the Columbus Division, of the Middle District of Georgia.[3] Indeed, Rehabilitation Services offers only one, lone basis in fact in support of its motion, namely, Thomas' alleged agreement to the forum selection provision. Mot. Dismiss ¶ 2 ("The basis for the Defense is that . . . Plaintiff signed [the Acknowledgment form]. . . .") Thomas, on the other hand, does show that all of the discriminatory acts which she alleges in her complaint "occurred during the course and scope of employment in Albany, Georgia," and that she has never performed any duties for Rehabilitation Services in Columbus. Thomas Aff. ¶ 3. Although Rehabilitation Services denies this allegation in its answer, Fourth Defense ¶ 2, it has not proffered any evidence in support of its motion to challenge Thomas' assertions regarding the location of the events which she contends are material to her suit. This piece of evidence is significant, since one of the factors of systemic integrity is the relationship between the location of the events that gave rise to the action and the parties' chosen forum, as suggested by the venue

provision contained in Title VII. 42 U.S.C. § 2000e–5(f)(3). By expressly providing that an action under Title VII "may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," Congress sought to ensure that an aggrieved party could avail herself of a local, rather than distant, judicial forum, in part, so that she could minimize her costs in her effort to vindicate her civil rights. Transferring this case approximately one hundred miles away from the location in which the relevant conduct is alleged to have occurred virtually assures that Thomas will encounter higher costs that may, for all practical purposes, deprive her of her day in court. *See Red Bull Associates v. Best Western Int'l, Inc.,* 862 F.2d 963 (2nd Cir.1988). In light of the facts as they appear in the record of this case, the Court concludes that it is entirely appropriate to exercise this Court's lawful discretion to deny Rehabilitation Services' motion under § 1404(a) and maintain this action in the Albany Division of the Middle District of Georgia.

2. *Agreement to Select Forum is Unlawful Under Title VII Provision Governing Venue*

The ultimate issue presented by Rehabilitation Services' motion is whether such a forum selection clause is enforceable in a Title VII action. After careful consideration of the parties' arguments, the Court concludes that the forum selection clause in the Acknowledgment form allegedly agreed to by the parties is unenforceable under the authority of the Supreme Court's decision in *Boyd v. Grand Trunk Western R.R. Co.,* 338 U.S. 263, 70 S.Ct. 26, 94 L.Ed. 55 (1949).[4]

---

3. The Court notes that the defendant has provided categories of potential witnesses and the plaintiff has provided the names of several potential witnesses, yet neither party has provided any of their respective addresses or telephone numbers, as required by the Court's Mandatory Interrogatories under Local Rule 33.2. Consequently, there is no basis in the record upon which the Court can determine the relative burdens each party confronts to

ensure that their respective witnesses can appear throughout the stages of these proceedings.

4. Rehabilitation Services argues that the forum selection provision contained in the Acknowledgment form must be sustained, yet except for its reference to *The Bremen, infra,* the Court finds that each of the authorities it offers in support of its motion are inapposite:

In *Boyd,* the petitioner was injured while working for the respondent railroad company. In exchange for receiving advance payments from the railroad company, the petitioner signed an agreement which provided that if he elected to sue, he must file such suit "within the county or district where I resided at the time my injuries were sustained, or in the county or district where my injuries were sustained and not elsewhere." 338 U.S. at 263–64, 70 S.Ct. at 26 (internal quotation marks omitted). Petitioner filed suit in the Superior Court of Cook County, Illinois, to recover damages under the Federal Employers' Liability Act ("the Liability Act"). Yet according to forum selection provision he agreed to, the proper forum for his suit was defined as either the Circuit Court of Calhoun County, Michigan, or the United States District Court for the Eastern District of Michigan. The railroad company filed an action in the Michigan Circuit Court to enjoin the petitioner's Illinois action. The Michigan Supreme Court determined that the forum selection provision did not affect the ultimate issue of the railroad company's liability, and further reasoned that since venue relates to the convenience of the litigants and is subject to waiver, the parties' agreement was legal and binding under the Liability Act. 321 Mich. 693, 33 N.W.2d 120 (1948).

The Supreme Court reversed. The Court interpreted the venue provision in section 6 of the Liability Act, 45 U.S.C. § 56,[5] in conjunction with the liability provision in section 5, § 55,[6] and held that "the petitioner's right to bring the suit in any eligible forum is a right of sufficient substantiality to be included within the Congressional mandate of § 5 of the Liability Act. . . . The contract before us is therefore void." 338 U.S. at 265, 70 S.Ct. at 27. The Court further explained: "The right to select the forum granted in § 6 is a substantial right. It would thwart the express purpose of the Federal Employers' Liability Act to sanction defeat of that right by the device at bar." 338 U.S. at 266, 70 S.Ct. at 28. The Supreme Court subsequently cited its decision in *Boyd* in support of the proposition that "[a] contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *The Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972).

Like section 6 of the Liability Act, Congress specifically enacted a venue provision in Title VII which affords an aggrieved party a choice of forums in which to prosecute her claims:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions

*Trinidad Foundry and Fabricating, Ltd. v. The K.A.S. Camilla,* 966 F.2d 613 (11th Cir.1992) involved a choice of law provision, not a choice of forum provision, in an in rem action; *Tisdale·v. Shell Oil Co.,* 723 F.Supp. 653 (M.D.Ala.1987) involved a forum selection clause in diversity action based solely upon state law claims, not federal law claims; *Kelly v. UHC Management Co., Inc.,* 967 F.Supp. 1240 (N.D.Al.1997) involved the defendant's motion to stay proceedings in a Title VII action to enforce an agreement to arbitrate, not to limit the choice of forum, to resolve legal disputes arising from the employment contract.

**5.** Section 6 of the Liability Act provides: "Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States." 45 U.S.C. § 56. (Congress amended section 6 of the Liability Act in 1948 by omitting the last sentence relating to removal of actions.)

**6.** Section 5 of the Liability Act provides, in relevant part: "Any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void . . . ." 45 U.S.C. § 55.

brought under this subchapter. Such an action may be brought in any judicial district in the State *in which the unlawful employment practice is alleged to have been committed,* in the judicial district in which the employment records relevant to such practice are maintained and administered, or *in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice,* but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e–5(f)(3) (emphasis added). In deciding *Boyd,* the Court surely recognized that the forum selection clause in the parties' agreement followed one of the venue provisions in section 6 of the Liability Act, namely, that the action may be brought in a district "in which the cause of action arose." Nevertheless, the Court held that the forum selection clause was void because it worked as a device to defeat the "substantial right" Congress enacted to the benefit of the injured worker to select the forum to recover for his injuries. 338 U.S. at 266, 70 S.Ct. at 28. Mindful that Title VII does not contain any provision analogous to section 5 of the Liability Act, this Court finds that the forum selection clause is void for the same reason: Congress enacted a specific venue provision directly in Title VII, in part, to ensure that an aggrieved party would be afforded a range of choices in selecting her judicial forum, and thereby reduce some of the obstacles she may confront to fairly enforce her civil rights. Significantly, this is not a case in which the expression of public policy concerning choice of venue need be inferred from a provision unrelated to venue, such as that urged by the appellants in *Lipcon, supra,* who challenged a forum selection clause as unenforceable under the anti-waiver provisions of the United States securities laws. 148 F.3d 1285 (11th Cir.1998). Rather, the public policy which permits an aggrieved party to bring her Title VII action in the forum in which the alleged discriminatory acts occurred is expressly stated in the statute. This Court agrees with Judge Knapp that the decision to enforce a forum selection provision implicates the larger aims of the Civil Rights Act: By broadly deferring to the plaintiff to select her preferred forum, Congress recognized that the plaintiff may submit her Title VII claim to a jury drawn from the local community, and sanctioned such an outcome in order that local residents may participate in the determination of whether the defendant's actions constitute an unlawful employment practice. *Red Bull Associates v. Best Western Int'l, Inc.,* 686 F.Supp. 447, 452 (S.D.N.Y.1988), *aff'd* 862 F.2d 963. Accordingly, this Court holds, as a matter of law, that the contractual choice-of-forum clause in the Acknowledgment form is unenforceable under the terms mandated by Congress in Title VII.

## CONCLUSION

For all of the reasons set forth above, the Court **ORDERS AND ADJUDGES** that the Defendant's Motion to Dismiss (Doc. No. 9) should be, and hereby is, **DENIED.**

SO ORDERED.