**Claudine WOOLF, Plaintiff,**

v.

**MARY KAY INC., a corporation, et al., Defendants.**

**No. CIV. A. 3:01–CV–0668–G.**

United States District Court, N.D. Texas, Dallas Division.

Sept. 28, 2001.

**644**

William M. Lamoreaux, Dallas, TX, for plaintiff.

John F. McCarthy, Jr., Littler Mendelson, Dallas, TX, for defendants.

### MEMORANDUM ORDER

FISH, District Judge.

Before the court is the motion of the plaintiff Claudine Woolf ("Woolf") to transfer the venue of this case, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of California. Also before the court are the following motions by the defendants Mary Kay Inc. and Sharon Davis (collectively, "Mary Kay"): (1) motion to strike and exclude certain evidence in support of Woolf's motion to transfer venue or, in the alternative, to compel the deposition of Woolf's counsel; and (2) motion for summary judgment. For the following reasons, Woolf's motion to transfer venue is denied, and Mary Kay's motion for summary judgment is granted on Woolf's claim under federal law. Determination of the remainder of that motion, insofar as it relates to Woolf's causes of action under state law, is reserved to the state court on remand. Mary Kay's motion to exclude certain evidence in support of Woolf's motion to transfer is denied as moot.

## I. *BACKGROUND*

Mary Kay is a Delaware corporation with its principal place of business in Dallas, Texas. Defendants Sharon Davis and Mary Kay Inc.'s First Amended Answer ("Answer") ¶ 2. Mary Kay is engaged in manufacturing and distributing skin-care products, cosmetics, fragrances, and other personal-care products. Defendants' Response to Plaintiff's Motion to Transfer ("Response") at 2. Sharon Davis was formerly the Director of Sales Development for Mary Kay at its corporate headquarters in Dallas, Texas. Answer ¶ 3. Woolf is a citizen of California who resides in Contra Costa County, California. Second Amended Complaint ("Complaint") ¶ 1. Woolf alleges that she was recruited in 1996 to work for Mary Kay as a Beauty Consultant to sell its products and that she was forced to resign in 1998 due to "intolerable employment conditions." Memorandum of Points and Authorities in Support of Motion to Transfer for Convenience ("Motion Brief") at 2–4. Mary Kay contends it entered into a sales director agreement ("Agreement") with Woolf, by virtue of which Woolf—as an independent contractor—was never employed by Mary Kay in any capacity. Answer ¶ 9. According to Mary Kay, the Agreement which Woolf entered into contained a forum-selection clause stating that all disputes and matters arising from the Agreement are governed by the laws of the State of Texas and designating Dallas, Texas as the proper venue for any litigation connected with the Agreement. Response at 3. The clause provides in pertinent part:

> This Agreement is subject to acceptance by Company at its corporate headquarters in Dallas, Texas, and shall be governed by the laws of the State of Texas as to all matters, including but not limited to matters of validity, construction, effect and performance. The parties further agree that if any dispute or contro-

versy should arise between them concerning any matter relating to this Agreement that any issues which either party may elect to submit for legal jurisdiction shall be submitted to the jurisdiction of the courts of the State of Texas and the parties agree that the proper venue shall be Dallas, Dallas County, Texas.

Agreement, located in Appendix of Evidence in Support of Defendants Response to Plaintiff's Motion ("Appendix") at 23.

On April 2, 1998, Woolf filed her original complaint against Mary Kay, Sharon Davis and Carol Taylor in the Superior Court in Contra Costa County, California. Motion Brief at 4. In response, Mary Kay filed a motion with the Superior Court to stay that action pending institution of Woolf's case in Texas. *Id.* On April 24, 1999, the Superior Court granted Mary Kay's motion to stay on the basis that the forum-selection clause contained in the Agreement was reasonable and enforceable. Order Granting Defendants Mary Kay Inc. and Sharon Davis's Motion to Stay Action, located in Appendix at 1–2.

Woolf filed a petition against Mary Kay, Sharon Davis and Carol Taylor in the 191st Judicial District Court of Dallas County, Texas on July 26, 2000. Motion Brief at 5. Taylor then filed a special appearance in that court to contest personal jurisdiction. *Id.* On December 15, 2000, that court dismissed Taylor from Woolf's case, *id.* at 6, and denied, on the basis of the forum-selection clause in the parties' Agreement, Woolf's motion for a determination that California is the proper forum for the dispute. Order of December 15, 2000, located in Appendix at 53–54. Woolf thereupon filed a motion to lift the stay with respect to the defendant Taylor in the Superior Court in Contra Costa County, California, which that court granted. Motion Brief at 6.

On March 12, 2001, Woolf filed her first amended petition in the 191st Judicial District Court of Dallas County, Texas, in which she asserted a discrimination claim under 42 U.S.C. § 1981 against Mary Kay and Davis (collectively, "Mary Kay"). *Id.;* Response at 5; Notice of Removal ("Removal") at 1. Mary Kay timely removed Woolf's action to this court on April 4, 2001, based on federal question subject matter jurisdiction. Removal at 1. On May 21, 2001, Woolf filed a motion requesting leave to file her second amended complaint in this court. Second Amended Complaint ("Second Complaint") at 1. That same day, Woolf also filed a motion to transfer for convenience. Motion Brief at 1.

Woolf seeks to transfer this case to the Northern District of California on numerous grounds, including convenience of the parties and witnesses, locus of the dispute, her original choice of forum, and in the interests of justice in general. *Id.* at 2. Mary Kay relies on the forum-selection clause and other factors in asserting that transfer is inappropriate under 28 U.S.C. § 1404(a). Response at 2. Mary Kay also seeks to exclude certain evidence submitted in support of Woolf's motion to transfer venue or, in the alternative, to compel the deposition of Woolf's counsel. Defendants' Motion to Strike and Exclude Plaintiff's Evidence Supporting Her Motion to Transfer for Convenience ("Motion to Strike") at 1.

Finally, Mary Kay seeks summary judgment dismissing Woolf's state law claims of breach of contract, breach of the covenant of good faith and fair dealing, wrongful termination, discrimination, fraud, intentional and negligent infliction of emotional distress, defamation, harassment, and a federal claim of discrimination in violation of 42 U.S.C. § 1981. De-

fendant's Motion for Summary Judgment ("Motion for Summary Judgment") at 1–3.

## II. *ANALYSIS*

### A. *Motion to Transfer*

#### 1. *Legal Standard*

■ A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice, ... to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) "is to prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense ...'" *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (quoting *Continental Grain Company v. Barge FBL–585*, 364 U.S. 19, 26, 27, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960)). The decision to transfer a pending case is committed to the sound discretion of the district court. *Jarvis Christian College v. Exxon Corporation*, 845 F.2d 523, 528 (5th Cir.1988). The right to transfer under § 1404(a) is available to plaintiffs as well as defendants. See *Farmers Brothers Company v. Coca–Cola Company, Inc.*, 366 F.Supp. 725, 726 (S.D.Tex.1973).

In *Stewart Organization, Inc. v. Ricoh Corporation*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988), the Supreme Court set forth the proper analysis for a court considering a section 1404(a) motion to transfer based upon an exclusive forum-selection clause. The Court stated that

Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." ... A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors. The presence of a forum-selection clause such as the parties entered into in

this case will be a significant factor that figures centrally in the district court's calculus.

487 U.S. at 29, 108 S.Ct. 2239 (internal citation omitted).

■ While the Court in *Stewart Organization* ruled that district courts have broader discretion to refuse to enforce a valid forum-selection clause than had previously been exercised under the precedent of *The Bremen v. Zapata Off–Shore Company*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the Court did not intend to disturb the general rule that forum-selection clauses are regularly enforced. *Id.* The Fifth Circuit is in accord with this view. See *Mitsui & Company (USA), Inc. v. Mira M/V*, 111 F.3d 33, 35 (5th Cir.1997) (to overcome the presumptive validity of a forum-selection clause, the party challenging it has the heavy burden of demonstrating that enforcement of the clause would be unreasonable under the circumstances). In general, a court will find it unreasonable to enforce a forum-selection clause that is the product of fraud or overreaching, violates public policy, or effectively deprives a party of her day in court. *Id.*

■ In deciding whether to grant transfer, the court should consider (1) the convenience of the parties, (2) the convenience of material witnesses, (3) the availability of process to compel the presence of unwilling witnesses, (4) the cost of obtaining the presence of witnesses, (5) the relative ease of access to sources of proof, (6) calender congestion, (7) where the events in issue took place, and (8) the interests of justice in general. *Gundle Lining Construction Corporation v. Fireman's Fund Insurance Company*, 844 F.Supp. 1163, 1165 (S.D.Tex.1994). The court must determine whether the forum-selection clause in this dispute is enforceable with reference to

these factors. *Stewart Organization,* 487 U.S. at 29–31, 108 S.Ct. 2239.

### 2. *Scope of the Forum–Selection Clause*

Before a court can consider a forum-selection clause in its transfer analysis, it must decide whether the clause applies to the type of claims asserted in the lawsuit. See, *e.g., Terra International, Inc. v. Mississippi Chemical Corporation,* 119 F.3d 688, 692 (8th Cir.), *cert. denied,* 522 U.S. 1029, 118 S.Ct. 629, 139 L.Ed.2d 609 (1997). Woolf argues that the choice of law provision in the Agreement applies only to her contract causes of action and is inapplicable to her tort claims. Motion Brief at 13–14. Among other claims, Woolf is suing for wrongful termination, discrimination, breach of contract, breach of the covenant of good faith, fraud, intentional infliction of emotional distress, defamation, harassment, and violation of her civil rights. Amended Complaint at 1. Mary Kay argues that the Agreement encompasses all of Woolf's claims. Response at 3, 6–7. In general, "[c]ommercial contractual issues are commonly intertwined with claims in tort ... " *Stewart Organization, Inc. v. Ricoh Corporation,* 810 F.2d 1066, 1070 (11th Cir.1987) (en banc), *aff'd and remanded,* 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988); *Lambert v. Kysar,* 983 F.2d 1110, 1121–22 (1st Cir.1993) "([C]ontract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties."). Resolution of this issue is not necessary, however, because—in moving for a transfer of this case to the Northern District of California—Woolf has argued that *all,* not merely *some,* of her claims should be transferred. Motion Brief at 1. As a result, the court will assume, for the purpose of deciding the motion to transfer, that all of Woolf's claims are subject to the forum-selection clause.

### 3. *Factor (8): The Interest of Justice*

As an initial matter, Woolf correctly observes, Motion Brief at 16, that generally a court should indulge a presumption in favor of the plaintiff's choice of forum. See, *e.g., Continental Airlines, Inc. v. American Airlines, Inc.,* 805 F.Supp. 1392, 1395 (S.D.Tex.1992). It is not clear how this presumption applies, however, where the plaintiff herself seeks a transfer from her chosen forum. The case presently before the court was filed by Woolf in the 191st Judicial District Court of Dallas County, Texas. Motion Brief at 5–6. In essence, Woolf chose Texas as a forum for this dispute. More importantly, even if this court were to give deference to Woolf's current choice of forum, that deference is lessened where the parties, by contract, have already agreed to the proper forum. See *Stewart Organization,* 487 U.S. at 29, 108 S.Ct. 2239; *Strategic Marketing & Communications, Inc. v. Kmart Corporation,* 41 F.Supp.2d 268, 273 (S.D.N.Y.1998) (deference to plaintiff's choice of forum is inappropriate in the presence of a forum-selection clause); *Brock v. Entre Computer Centers, Inc.,* 740 F.Supp. 428, 432 (E.D.Tex.1990) (describing the presence of a forum-selection clause as neutralizing the presumption in favor of plaintiff's choice of forum). Thus, the fact that Woolf wishes to now have her case litigated in California is not a significant factor by itself.

Both parties have made several arguments regarding the weight this court should give to Woolf's current choice of forum. Woolf argues that this court should transfer this case to the Northern District of California because it belongs in the "same locale" as the original suit she filed against Mary Kay and Carol Taylor in the Superior Court in Contra Costa County, California. Motion Brief at 16. Related to this argument, Woolf maintains that it is in the interests of justice to

transfer this case to California because the dispute centers on alleged violations of her civil rights under California and federal law. *Id.* at 19–22. Specifically, she argues that the forum-selection clause should not be enforced for three reasons: (1) the clause is not dispositive because this is a civil rights action; (2) the clause is invalid because this an employment rights case; and (3) Mary Kay waived its rights under the clause by removing this case to federal court. *Id.* at 19–23. In response, Mary Kay contends that all fourteen theories of relief Woolf has advanced arise from the same occurrences, and relate to the Agreement, which explicitly provides that any disputes arising from the Agreement must be submitted to the jurisdiction of the courts of the State of Texas. Response at 6–7. In addition, Mary Kay contends that no other factors exist that justify disregarding the forum-selection clause in the parties' Agreement. *Id.* at 7–10.

The law is clear that a forum-selection clause in a written contract is *prima facie* valid and enforceable. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589–95, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991); *Mitsui & Company*, 111 F.3d at 35; *Gundle Lining Construction Corporation v. Adams County Asphalt, Inc.*, 85 F.3d 201, 205–06 (5th Cir.1996); *Kevlin Services, Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir.1995); *Tjontveit v. Den Norske Bank ASA*, 997 F.Supp. 799, 805 (S.D.Tex.1998) ("[T]he Supreme Court has consistently held forum-selection ... clauses presumptively valid.") (quoting *Mitsui & Company*, 111 F.3d at 35). At the outset, it should be noted that Woolf does not contest the validity of the forum-selection clause. Reply Brief in Support of Motion to Transfer for Convenience

("Reply Brief") at 2.[1] Thus, to prevail on her motion to transfer, Woolf must show that the balance of convenience and justice weighs heavily in favor of transfer. *Gundle*, 844 F.Supp. at 1165; *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir.1997) (the party resisting enforcement of a forum-selection clause on the grounds of convenience and justice bears a "heavy burden of proof"), *cert. denied*, 523 U.S. 1072, 118 S.Ct. 1513, 140 L.Ed.2d 666 (1998); *Weiss v. Columbia Pictures Television, Inc.*, 801 F.Supp. 1276, 1278 (S.D.N.Y.1992) (noting that "once a mandatory choice of forum clause is deemed valid, the burden shifts to the plaintiff to demonstrate exceptional facts explaining why [she] should be relieved from [her] contractual duty."). Woolf has failed to demonstrate that enforcing the forum-selection clause would be unreasonable under the circumstances of this case.

Woolf first argues the forum-selection clause is not dispositive because her civil rights are implicated. Motion Brief at 19–21. In support of her argument, she relies on *Thomas v. Rehabilitation Services of Columbus, Inc.*, 45 F.Supp.2d 1375, 1380–81 (M.D.Ga.1999) (holding contractual choice-of-forum clause in employment contract is unenforceable under the provisions of Title VII of the Civil Rights Act of 1964), and *Red Bull Associates v. Best Western International, Inc.*, 862 F.2d 963, 967 (2d Cir.1988) (refusing to enforce an otherwise valid forum-selection clause on the basis that it would frustrate enforcement of Title VII). Here, unlike the plaintiffs in *Thomas* and *Red Bull*, Woolf has not asserted that she has a federal statutory right to bring her civil rights action in the forum in which the alleged discriminatory acts occurred. See *Thomas*, 45

---

1. "Plaintiff has made no argument to this court as to whether or not the forum selection clause is valid. Rather, she concedes that since it has been decided by other courts, it is one of the factors, but not a dispositive factor, to be considered in evaluating the merits of her current motion." Reply Brief at 2.

F.Supp.2d at 1380–81 (Title VII contains a specific venue provision to ensure the enforcement of federal civil rights). Section 1981, on which Woolf's civil rights claim is based, contains no special venue provision. See 42 U.S.C. § 1981(a); *Jones v. Bales*, 58 F.R.D. 453, 458 (N.D.Ga.1972) ("There is no special venue statute for civil rights actions."), *aff'd*, 480 F.2d 805 (5th Cir. 1973).

In addition, *Red Bull* and its progeny do not hold that "forum selection clauses are never enforceable in civil rights actions; rather, *Red Bull* teaches that the district court, upon consideration of the alleged violations and the particular circumstances of the parties and the action, may in its discretion find cause to ignore the general rule of the enforceability of valid forum selection clauses." *Weiss*, 801 F.Supp. at 1280 (granting defendant's motion to transfer plaintiff's age discrimination claim pursuant to forum-selection clause). As in *Weiss*, Woolf has failed to identify any third party rights that are implicated in her action. *Id.* She can claim only personal damages and has not alleged that she would be unwilling to continue this action should this court deny her transfer motion. *Id.* In fact, as Mary Kay noted in its response, Woolf has litigated this claim for the last three years in both California and Texas courts. Response at 16.

Woolf next urges that the clause should not be enforced because she has a statutory right to select her forum and venue in this employment rights dispute. Motion Brief at 21–23. Specifically, she argues that the California Fair Employment and Housing Act ("FEHA") provides that the superior and municipal courts of California shall have jurisdiction over her employment discrimination claims. *Id.* at 21. As indicated above, and for reasons to be further explained below, this court will not address the merits of Woolf's state law claims. Determination of those issues, in-cluding whether Texas is the proper forum for Woolf's state law claims, is reserved to the state court on remand. Nonetheless, this court notes that the forum-selection clause in the Agreement appears unambiguous with respect to the proper forum for disputes relating to the Agreement. Given that Mary Kay contracts with more than 370,000 independent beauty consultants across the United States, Declaration of Gary E. Jinks in Support of Motion to Dismiss or Stay Action ("Jinks Decl.") ¶ 3, located in Appendix at 6, it is entirely understandable why Mary Kay would not want to subject itself to litigation in numerous different places. See *Flake v. Medline Industries, Inc.*, 882 F.Supp. 947, 950 (E.D.Cal.1995) (upholding forum-selection clause in age discrimination claim under FEHA on several grounds, including the defendant's desire to limit the forums in which it "might be subject to litigation from [its] sales representatives ...").

■ Finally, Woolf contends that Mary Kay waived its rights to assert the forum and venue clauses in the Agreement because it removed this case to federal court. Motion Brief at 23–24; Reply Brief at 4–5. This argument is without merit. The clause provides that any disputes relating to the Agreement be submitted to the jurisdiction of the state courts of Texas and that venue shall be in Dallas, Texas. Appendix at 23. The clause does not prevent either party from removing the action to federal court. Here, Mary Kay removed this case after Woolf asserted a federal cause of action. Removal at 1. Contrary to Woolf's assertion, Mary Kay did not waive its rights regarding venue by removing this case to federal court.

Accordingly, Woolf has failed to demonstrate any substantial reason that, in the interest of justice, the forum-selection clause in the parties' Agreement should not be enforced. The court will now turn to the factors of convenience of the parties

and witnesses, access to sources of proof, and where the events in issue took place.

### 4. *Factor (1): The Convenience of the Parties*

Woolf argues that the Northern District of California is a more convenient forum for her because of her present health condition and the financial costs she would incur if this case were litigated here. Motion Brief at 7–9. Mary Kay responds that the Northern District of Texas is a more appropriate forum for the parties because a majority of the fact witnesses reside in Texas. Response at 15–16. This court is unable to give much weight to Woolf's claim that it would be an injustice to deny her transfer motion to litigate this case near her home and doctors. See *Weiss*, 801 F.Supp. at 1279 ("Mere inconvenience and expense of travelling are not, standing alone, adequate reasons to disturb the parties' contractual choice of forum."). Notably, Woolf has presented no evidence that she would face physical hardship or suffer adverse health consequences if the case were heard in this forum. See, *e.g., Walker v. Carnival Cruise Lines*, 107 F.Supp.2d 1135, 1141 (N.D.Cal.2000) (declining to uphold forum-selection clause on several grounds, including declarations by the disabled plaintiffs about the physical and emotional hardships they would face in traveling to the designated forum). Finally, the convenience of these parties, given the preference expressed by them in the forum-selection clause, would presumably be better served if the case stayed in this forum. See *Stewart Organization*, 487 U.S. at 29–30, 108 S.Ct. 2239.

### 5. *Factors (2), (3) and (4): The Convenience of Witnesses, Availability of Process, and Cost of Obtaining Witnesses*

The convenience of the witnesses is often regarded as the most important factor to be considered in deciding whether to transfer venue. *Gundle*, 844 F.Supp. at 1166; *Fletcher v. Southern Pacific Transportation Company*, 648 F.Supp. 1400, 1401–02 (E.D.Tex.1986). Courts, however, have "uniformly refused to let applications for transfer become a battle of numbers." *Dupre v. Spanier Marine Corporation*, 810 F.Supp. 823, 826 (S.D.Tex.1993) (internal citation omitted). In support of her Motion to Transfer, Woolf identifies thirteen witnesses who reside in California. Motion Brief at 9–12. Seven of those witnesses will testify to Mary Kay's treatment of Woolf. *Id.* at 9–10. This group includes Jan Bouchard, Woolf's mother; George Bouchard, Woolf's father; Jenny Bouchard, Woolf's sister-in-law; Mike Woolf, Woolf's husband; Lisa Fakoury and Kirsten Jobb, fellow Mary Kay associates; and Cindi Judge, a client of Woolf's. *Id.* The other witnesses Woolf identifies include individual defendant Carol Taylor, Woolf's manager at Mary Kay, and five physicians who cared for Woolf during her pregnancy and treatment for cancer. *Id.* at 9, 11–12. Woolf contends that the cost of obtaining the attendance of these witnesses would be greatly reduced if the trial were held in California. *Id.* at 9. Woolf also notes that compulsory process for attendance of these witnesses is not available in the Northern District of Texas. *Id.* at 12.

In response, Mary Kay argues that, with the exception of Woolf, all the key witnesses reside in Texas. Response at 12. All five of the witnesses Mary Kay lists appear to be affiliated, either as employees or independent contractors, with Mary Kay. These witnesses include defendant Davis, who was formerly the Director of Sales Development for Mary Kay; Gary Jinks, a Mary Kay employee with responsibilities related to Mary Kay's sales directors; Mary McDonald, a career car program administrator for Mary Kay; Ellen Thurman, Coordinator for Sales Development; and Mary Kate Buckley, former Program Manager for Sales Development.

Response at 12–14. Mary Kay further argues that all the witnesses Woolf identifies lack direct knowledge of the transactions that form the basis of this dispute. *Id.* at 14–15.

On balance, this court finds that the convenience of the witnesses does not significantly favor Woolf. It appears that there are a number of important fact witnesses, including non-party witness Buckley, who reside in Texas. By contrast, based on Woolf's brief submissions, this court is skeptical of the value of the testimony from some of Woolf's proposed witnesses. See *Continental Airlines, Inc.,* 805 F.Supp. at 1396 (the movant must specifically identify key witnesses and outline the substance of their testimony). Accordingly, and in light of the forum-selection clause, the "convenience of the witnesses" factor does not favor transfer of venue in this case.

6. *Factors (5) and (7): Relative Ease of Access to Sources of Proof and Where the Events in Issue Occurred*

Woolf and Mary Kay differ in their accounts of where the operative events underlying this dispute took place. Woolf argues that the alleged tortious acts occurred in California. Motion Brief at 12–13. In support of this claim, she notes that one of the potential defendants lives in California, her Mary Kay car was towed in California, and she received letters from Mary Kay at her California mailing address. *Id.* at 13. Mary Kay responds that Texas has the stronger connection to this case because (1) the Agreement was not effective until received and accepted by Mary Kay in Dallas; (2) all aspects of the Agreement were administered from Texas; (3) Woolf received her commission checks, correspondence, and informational materials from Mary Kay's headquarters in Dallas; and (4) Woolf traveled to Texas at her own expense for sales director training. Response at 16.

Based on the record before it, the court concludes that Mary Kay has provided sufficient evidence to indicate that a significant number of the operative facts involved in this case occurred within the Northern District of Texas. Woolf's citation to *Bounty–Full Entertainment, Inc. v. Forever Blue Entertainment Group, Inc.,* 923 F.Supp. 950, 958–59 (S.D.Tex. 1996), for the proposition that venue is proper based on receipt of a letter by someone in one state from a defendant in another state, Motion Brief at 12–13, fails to buttress her claim about the locus of this dispute. Contrary to Woolf's reading of *Bounty–Full Entertainment,* there were a number of other factors, in addition to the mailing of the letter, that established venue in the Southern District of Texas. *Id.* at 959. Those other factors included the presence of material witnesses and the location of relevant documents. *Id.* Moreover, even if the letters Woolf received from Mary Kay support her venue claim, they appear to be tangential to the events giving rise to this lawsuit. While Woolf worked for Mary Kay in California, Mary Kay's administration of the Agreement, including decisions on any exceptions to it, occurred in Texas. Response at 16. Finally, the sources of proof, consisting of Mary Kay's business documents and records, are located at Mary Kay's corporate headquarters in Dallas, Texas. Jinks Decl., located in Appendix at 5–12. See, *e.g., Weiss,* 801 F.Supp. at 1279 (noting that while plaintiff was employed in New York, his supervision came from California and any documents concerning his employment were located there).

█ For the above reasons, Woolf's motion to transfer venue is denied.[2] In the

**2.** The sixth factor, calendar congestion, was not addressed by the parties and thus has not

light of this ruling, Mary Kay's motion to exclude certain evidence in support of Woolf's motion to transfer is denied as moot.

### B. *Motion for Summary Judgment*

#### 1. *Legal Standard*

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).[3] "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes such a showing by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corporation v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The pleadings, depositions, admissions, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. FED. R. CIV. P. 56(c).

Once the movant makes this showing, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex,* 477 U.S. at 323–24, 106 S.Ct. 2548. To carry this burden, the "opponent must do more than simply show . . . some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Instead, the nonmovant must show that the evidence is sufficient to support a resolution of the factual issue in her favor. *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505 (citing *Adickes v. S.H. Kress & Company,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corporation,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir.), *cert. denied,* 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to her case and as to which she will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548.

#### 2. *Section 1981 Claim*

 Woolf asserts a claim under 42 U.S.C. § 1981, alleging Mary Kay discriminated against her on the basis of her gender, pregnancy, disability and medical condition. Complaint ¶¶ 199–204. To state a claim under § 1981, it is well-settled that a plaintiff must allege discrimination based on race. *Olivares v. Martin,* 555 F.2d 1192, 1195–96 (5th Cir.1977). Absent allegations of racial discrimination, the complaint fails to state a claim under § 1981 and the court lacks subject matter jurisdiction. *Id.; Campbell v. Gadsden County District School Board,* 534 F.2d 650, 653 n. 3 (5th Cir.1976); *Taylor v. Federal Home Loan Bank Board,* 661

---

been discussed herein.

**3.** The disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inex-

pensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company,* 780 F.2d 1190, 1197 (5th Cir.1986).

F.Supp. 1333, 1340 (N.D.Tex.1986) (Fish, J.); see also *Runyon v. McCrary,* 427 U.S. 160, 167, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976) (gender discrimination does not fall within the scope of § 1981). Woolf's complaint fails to allege any type of racial discrimination as required under § 1981.

Moreover, Woolf failed to respond to Mary Kay's request for summary judgment on her § 1981 claim. Reply in Support of Defendants' Motion for Summary Judgment at 3. Woolf's failure to respond to this motion does not, of course, permit the court to enter a "default" summary judgment. The court is allowed, however, to accept the evidence adduced by Mary Kay and Woolf as undisputed. See *Eversley v. MBank Dallas,* 843 F.2d 172, 174 (5th Cir.1988). The failure of Woolf to respond means that she has not designated specific facts showing there is a genuine issue for trial. "A summary judgment nonmovant who does not respond to the motion is relegated to [her] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda,* 945 F.Supp. 999, 1002 (N.D.Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corporation v. Westowne Associates,* 929 F.2d 160, 165 (5th Cir.1991)).

Accordingly, Mary Kay's motion for summary judgment on Woolf's claim, brought under Section 1981, that she was discriminated against on the basis of her gender, pregnancy, disability and medical condition, is granted.

### C. *State Law Claims*

Federal court jurisdiction exists over an entire action, including state law claims, when the federal and state law claims "'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 349, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (quoting *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). Yet supplemental jurisdiction over state law claims is a "doctrine of discretion, not of plaintiff's right." *Gibbs,* 383 U.S. at 726, 86 S.Ct. 1130. Consequently, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie–Mellon,* 484 U.S. at 350, 108 S.Ct. 614.

When the federal claims are dismissed before trial and only state law claims remain, the balance of factors to be considered under the supplemental jurisdiction doctrine weigh heavily in favor of declining jurisdiction; therefore, the federal court should usually decline the exercise of jurisdiction over the remaining claims and send them to state court. See *id.* at n. 7. According to the Fifth Circuit, "[o]ur general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petroleum Company v. Dresser Industries,* 972 F.2d 580, 585 (5th Cir.1992) (citing *Wong v. Stripling,* 881 F.2d 200, 204 (5th Cir.1989)).

In the instant case, summary judgment has been awarded to Mary Kay on Woolf's federal claim, and only her state law claims remain. Because the federal claim is being dismissed before trial, the factors of judicial economy, convenience, fairness, and comity suggest that this court ought to decline jurisdiction over the remaining state law claims against Mary Kay. *See* 28 U.S.C. § 1367(c)(3).

### III. *CONCLUSION*

For the reasons stated above, Woolf's motion to transfer venue is **DENIED** and Mary Kay's motion for summary judgment

is **GRANTED** on Woolf's claim under 42 U.S.C. § 1981, her only claim presenting a federal question. Insofar as Mary Kay's motion for summary judgment relates to Woolf's claims under state law, decision on that part of the motion is reserved to the state district judge on remand. *Mary Kay's* motion to exclude certain evidence in support of Woolf's motion to transfer is **DENIED** as moot. Woolf's claims under state law are **REMANDED** to the **191st Judicial District Court of Dallas County, Texas**. The clerk shall mail a certified copy of this memorandum order to the district clerk of Dallas County, Texas. 28 U.S.C. § 1447(c).

**SO ORDERED.**