**ROLAND v. ATCHISON, T. & S. F. RY. CO.**
Civil Action No. 45C2148.

District Court, N. D. Illinois, E. D.

April 17, 1946.

Wm. H. DeParcq, of Chicago, Ill., for plaintiff.

Emmett Trainor, Thomas J. Barnett, and Floyd J. Stuppi, all of Chicago, Ill., for defendant.

SULLIVAN, District Judge.

This action is brought under the Federal Employers' Liability Act, as amended, 45 U.S.C.A. § 51 et seq., to recover damages for injuries alleged to have been sustained by the plaintiff while employed by the defendant at Hurley, New Mexico, on June 5, 1945. The plaintiff is a resident of Bayard, New Mexico.

On July 6, 1945, the defendant, without admitting liability for the accident, made an advancement to the plaintiff of the sum of $200. In consideration of this advancement, the plaintiff agreed in writing that he would endeavor in good faith to adjust and settle any claim that he might have for injuries, without resorting to litigation. The plaintiff further agreed that in the event the claim could not be so adjusted, he would confine any suit that he might bring against the defendant for such injuries to the courts located within the State of New Mexico, where he resided and where said injuries were sustained.

If this case was tried in the United States District Court for the Northern District of Illinois, at Chicago, it would be necessary to bring witnesses for both plaintiff and defendant approximately 1600 miles, from the place of the accident or the place of residence of plaintiff.

Defendant has filed a motion to dismiss on the ground that plaintiff is bound by the agreement made between him and the de-

fendant to sue only in the State of New Mexico.

The question before me is whether that agreement is a valid agreement. I am convinced that plaintiff voluntarily entered into this agreement and that it is binding upon him. In my opinion it does not violate the Federal Employers' Liability Act, nor is it against public policy. Plaintiff's rights have been in no way impaired, and the contract does not impose any unusual or unreasonable restrictions. Plaintiff is not limited to any one court within the State of New Mexico, but he may bring his action in any court in that State which has jurisdiction.

The motion to dismiss will be sustained, and the complaint dismissed, without prejudice, and with the privilege of bringing the action in any court in New Mexico, in which plaintiff elects to proceed.