### FLEMING et al. v. HUSTED.
Civil Action No. 620.

District Court, S. D. Iowa,
Central Division.

June 3, 1946.

A. B. Howland, of Gamble, Read & Howland, all of Des Moines, Iowa, for plaintiff.

Ernest Michel, of Davis, Michel, Yeager & McGinley, all of Minneapolis, Minn., and Walter F. Maley, of Des Moines, Iowa, for defendant.

DEWEY, District Judge.

It seems to me that the motion to dismiss the action should be sustained on the ground that the contract entered into by the defendant in this case, wherein he attempts to limit the venue of the Courts under the Federal Employers' Liability Act is void under the terms of the Act itself. I realize that there are decisions of very high and very reputable authority to the contrary; but it seems to me we have a very limited question for decision here. I looked up the heading of the Federal Employers' Liability Act as passed by the Congress, and it is stated to be "An Act Relating to the liability of Common Carriers by railroad to their employees in certain cases." 35 Stat. 65, Secs. 51–60, Title 45, U.S.C.A. There are not very many sections of the Act. There are only

ten. The first section has to do with the general liability of employers to their employees where the employee is injured in interstate commerce, and where the employer, or some of its agents, officers or employes were negligent.

The second has to do with the liability in the Districts and Territories of the United States, and has nothing to do with the controversy here.

The third has to do with the limitation of the common law as to contributory negligence.

The fourth deals with a limitation as to the common law on the assumption of risk.

Then next comes this fifth proposition which has to do with the statement that any contract, the purpose or intent of which would be to enable any common carrier to exempt itself from any liability created by this Chapter, shall be to that extent void. Any liability created by this Chapter! That, it seems to me, is the question—whether or not this is a contract attempting to exempt the carrier from any liability created by the Chapter.

The sixth has to do with venue, which it seems to me is important in this case; because if there was only the ordinary venue which obtains in all actions between residents of different states, we might have a different situation here. But the Act creates an additional venue to that in ordinary actions; and, as I remember it, one which is limited in cases of diversity of citizenship to the place of residence of the plaintiff or the defendant. But, this statute goes much further and gives a right in the case of an action growing out of the Federal Employers' Liability Act to an action at the place of residence of the plaintiff, the place where the accident occurred, or any place where the defendant is doing business. Of course, that "doing business" has limits—it has to be actually doing business. This venue is a very broad right created by the statute itself.

I do not know that the rest of the sections have anything to do with the present controversy.

Seven has to do with the definition of a common carrier.

Eight has to do with the liability of common carriers under other Acts not impaired.

Nine refers to the survival of the right of action of the person injured.

And Ten has to do with the voiding of any contract which prevents employes from furnishing information regarding facts.

What I am getting at is: If you limit this liability as contended for it could be only as to Section One of the Act. I cannot believe that Congress intended in Section Five of the Act to limit the contract, making it void, to only Section One of the Act. It is way down, in Section Five, in the Act itself. And where you limit liability of the venue only, still it is a very important right given by the Act to the plaintiff, which is sought to be limited in this case. And I cannot see why venue, an additional venue given to employes by the provisions of the Act, and which certainly creates an additional legal right to the employees, and—which necessarily follows—creates a corresponding legal responsibility and obligation on an employer, why the word "liability" under Section Five of the Act does not include an attempt to limit that obligation or burden on the part of the employer just the same as any other liability under the Act or the entire Chapter.

It seems plain to me that Congress did not intend to limit the right to voiding a contract limiting liability under the Act to the liability under paragraph One of the Act, but that it is on all the obligations created by the Act as against the employer; and I can not conscientiously determine and find that these contracts were valid contracts. Venue is easy to be waived, we all know that is true; but it has nothing to do with this case. Here we have a statutory right created and broadened by the Act itself, and that statutory right creates an additional obligation on the part of the employer, and also brings with it the prohibition against entering into a contract to limit that right as being void under section Five of the Act, 45 U.S.C.A. § 55.

I agree that the question of public policy is not here in the case, or at least is

not controlling, and I would not hold that the contract was contrary to public policy at all, although if it were a question of whether the contract was obtained by fraud, the fact that a person was hard up and would go to a company and ask for an advancement as to any damages that might accrue to him—I think a contract of this kind might be introduced as an element of fact on the question of a violation of public policy; but I would not say it was against public policy in and of itself to sign such a contract.

I agree with Judge Barnes in his reasoning. Sherman v. Pere Marquette Ry. Co., D. C., 62 F.Supp. 590. So it will be the judgment and order of the Court that the motion will be sustained and the action dismissed upon its merits, with judgment against the plaintiff for costs. Plaintiff excepts.