## STEVENSON v. ERIE R. CO.

United States District Court
S. D. New York.
June 11, 1948.

Gerald F. Finley, of New York City, for plaintiff.

Davis, Polk, Wardwell, Sunderland & Kiendl, of New York City (William H. Timbers and Cleveland C. Cory, both of New York City, of counsel), for defendant.

COXE, District Judge.

This is a motion by the defendant (1) for summary judgment dismissing the action, or, in the alternative, (2) for a stay of proceedings pending the determination of an identical action between the same parties in the Eastern District of New York.

The action was commenced on January 27, 1947, and is brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., for damages for personal injuries alleged to have been sustained by the plaintiff, a yard brakeman in the employ of the defendant, on November 25, 1946, while the plaintiff was working in the defendant's Croxton yard at Jersey City, N. J. The answer of the defendant sets up a separate defense alleging that on December 11, 1946, the plaintiff, for a valuable consideration, agreed in writing that he would not sue the defendant in connection with his injuries "in any court except in a court sitting in the County or Federal District wherein he resided at the time of the said accident or in a court sitting in the County or Federal District where the said accident occurred." The plaintiff in his answering affidavit admits that he signed the agreement and received the stated consideration, but asserts that he did not understand the nature of the agreement.

The plaintiff resided at the time of the accident in the Eastern District of New York, and about six months after the defendant's answer was served he commenced another action against the defendant in that District upon a complaint identical in all respects with the one in this District. The action in the Eastern District is now at issue, and a prompt trial there may readily be obtained.

There is a conflict in the Federal decisions as to whether such an agreement as that set up as a defense in the defendant's answer is valid and enforceable. It has been held valid in Detwiler v. Chicago, R. I. & P. R. Co., D.C., Minn., 15 F.Supp. 541; Clark v. Lowden, D.C., Minn., 48 F.Supp.

261; Herrington v. Thompson, D.C., W. D., Mo., 61 F.Supp. 903, and Roland v. Atchison, T. & S. F. Ry. Co., D.C., Ill., 65 F.Supp. 630; it has been held invalid in Sherman v. Pere Marquette Ry. Co., D.C., Ill., 62 F.Supp. 590, and Fleming v. Husted, D.C., S.D.Iowa, 68 F.Supp. 900.

It is unnecessary to decide which of these views is correct. The defense has not been, and cannot be, asserted in the action in the Eastern District, where there is conceded jurisdiction. The action there can be reached for trial much sooner than the present action, and it will not be complicated by the extraneous issue of the validity of the agreement or by the understanding of the plaintiff with respect to the nature of the agreement. I think, therefore, that the action in the Eastern District should be given precedence over the present action.

The defendant's motion for summary judgment will accordingly be denied, and the alternative motion for a stay of all proceedings in the present action pending the determination of the action in the Eastern District granted.