BOYD *v.* GRAND TRUNK WESTERN RAILROAD
COMPANY.

No. 17. Argued October 11, 1949.—Decided November 7, 1949.

*Melvin L. Griffith* argued the cause for petitioner.
With him on the brief were *Francis H. Monek* and *John
L. Mechem.*

*H. Victor Spike* and *George F. Gronewold* argued the
cause and filed a brief for respondent.

PER CURIAM.

In issue here is the validity of a contract restricting the
choice of venue for an action based upon the Federal
Employers' Liability Act.[1]  Petitioner was injured in the
course of his duties as an employee of respondent railroad
in November, 1946.  Twice during the following month
petitioner was advanced fifty dollars by respondent.  On
each of these occasions petitioner signed an agreement

---

[1] 35 Stat. 65, as amended, 45 U. S. C. § 51.

stipulating that if his claim could not be settled and he elected to sue, "such suit shall be commenced within the county or district where I resided at the time my injuries were sustained or in the county or district where my injuries were sustained and not elsewhere." [2] Although this provision defined the available forum as either the Circuit Court of Calhoun County, Michigan, or the United States District Court for the Eastern District of Michigan, petitioner brought an action in the Superior Court of Cook County, Illinois. To enjoin petitioner's prosecution of the Illinois case, respondent instituted this suit. The Michigan Circuit Court held that the contract restricting the choice of venue was void and dismissed the suit. The Michigan Supreme Court reversed. 321 Mich. 693, 33 N. W. 2d 120 (1948).

Certiorari was granted, 337 U. S. 923 (1949), because the federal and state courts which have considered the issue have reached conflicting results. [3] We agree with

---

[2] The agreement also provided that the sums advanced would be deducted from whatever settlement or recovery petitioner finally achieved. As to this, the proviso in § 5 of the Liability Act specifies "That in any action brought against any such common carrier under or by virtue of any of the provisions of this Act, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or the person entitled thereto on account of the injury or death for which said action was brought." Referring to this provision, and interpreting a contract similar to the one here involved, at least one federal court has held that "The contract to waive the venue provisions is of no effect . . . because there was no consideration for it." *Akerly* v. *New York C. R. Co.*, 168 F. 2d 812, 815 (C. A. 6th Cir. 1948).

[3] In accord with the decision below are: *Roland* v. *Atchison, T. & S. F. R. Co.*, 65 F. Supp. 630 (N. D. Ill. 1946); *Herrington* v. *Thompson*, 61 F. Supp. 903 (W. D. Mo. 1945); *Clark* v. *Lowden*, 48 F. Supp. 261 (D. Minn. 1942); *Detwiler* v. *Chicago, R. I. & P. R. Co.*, 15 F. Supp. 541 (D. Minn. 1936); *Detwiler* v. *Lowden*, 198 Minn. 185, 188, 269 N. W. 367, 369, 107 A. L. R. 1054, 1059 (1936). In conflict with the ruling before us are: *Krenger* v. *Pennsylvania R. Co.*,

those courts which have held that contracts limiting the choice of venue are void as conflicting with the Liability Act.

Section 6 of the Liability Act provides that "Under this Act an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this Act shall be concurrent with that of the courts of the several States, and no case arising under this Act and brought in any state court of competent jurisdiction shall be removed to any court of the United States." It is not disputed that respondent is liable to suit in Cook County, Illinois, in accordance with this provision. We hold that petitioner's right to bring the suit in any eligible forum is a right of sufficient substantiality to be included within the Congressional mandate of § 5 of the Liability Act: "Any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this Act, shall to that extent be void . . . ." The contract before us is therefore void.

Any other result would be inconsistent with *Duncan* v. *Thompson,* 315 U. S. 1 (1942). That opinion reviewed the legislative history and concluded that "Congress wanted § 5 to have the full effect that its comprehensive phraseology implies." 315 U. S. at 6. In that case as in this, the contract before the Court was signed after

174 F. 2d 556 (C. A. 2d Cir. 1949), petition for certiorari denied this day, see *post,* p. 866; *Akerly* v. *New York C. R. Co.,* 168 F. 2d 812 (C. A. 6th Cir. 1948); *Fleming* v. *Husted,* 68 F. Supp. 900 (S. D. Iowa 1946); *Sherman* v. *Pere Marquette R. Co.,* 62 F. Supp. 590 (N. D. Ill. 1945); *Petersen* v. *Ogden U. R. & D. Co.,* 110 Utah 573, 175 P. 2d 744 (1946); cf. *Porter* v. *Fleming,* 74 F. Supp. 378 (D. Minn. 1947).

the injury occurred. The court below, in holding that an agreement delimiting venue should be enforced if it was reached after the accident, disregarded *Duncan*.

The vigor and validity of the *Duncan* decision was not impaired by *Callen* v. *Pennsylvania R. Co.,* 332 U. S. 625 (1948). We there distinguished a full compromise enabling the parties to settle their dispute without litigation, which we held did not contravene the Act, from a device which obstructs the right of the Liability Act plaintiff to secure the maximum recovery if he should elect judicial trial of his cause.[4] And nothing in *Ex parte Collett,* 337 U. S. 55 (1949), affects the initial choice of venue afforded Liability Act plaintiffs. We stated expressly that the section of the Judicial Code there involved, 28 U. S. C. § 1404 (a), "does not limit or otherwise modify any right granted in § 6 of the Liability Act or elsewhere to bring suit in a particular district. An action may still be brought in any court, state or federal, in which it might have been brought previously." 337 U. S. at 60.

The right to select the forum granted in § 6 is a substantial right. It would thwart the express purpose of the Federal Employers' Liability Act to sanction defeat of that right by the device at bar.

*Reversed.*

MR. JUSTICE FRANKFURTER and MR. JUSTICE JACKSON concur in the result but upon the grounds stated by Chief Judge Hand in *Krenger* v. *Pennsylvania R. Co.,* 174 F. 2d 556, at 560 (C. A. 2d Cir. 1949).

MR. JUSTICE DOUGLAS and MR. JUSTICE MINTON took no part in the consideration or decision of this case.

---

[4] See *Krenger, supra* note 3, 174 F. 2d at 558; *id.* at 561 (concurring opinion of L. Hand, C. J.); *Akerly, supra* note 3, 168 F. 2d at 815; *Petersen, supra,* note 3, 110 Utah at 579, 175 P. 2d at 747.