# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 03-1873

IN RE: NATIONAL PRESTO INDUSTRIES, INC.,

*Petitioner.*

Petition for a Writ of Mandamus to the United States
District Court for the Northern District of Illinois, Eastern Division.
No. 02 C 5027—**Charles R. Norgle, Sr.**, *Judge.*

SUBMITTED APRIL 23, 2003—DECIDED OCTOBER 21, 2003

Before BAUER, POSNER, and WILLIAMS, *Circuit Judges.*

POSNER, *Circuit Judge.* The Securities and Exchange Commission has sued National Presto Industries in the federal district court in Chicago, charging that Presto has been operating as an unregistered investment company in violation of Section 7(a) of the Investment Company Act of 1940, 15 U.S.C. §§ 80a-1 *et seq.* Presto asked the court to transfer the case to the Western District of Wisconsin pursuant to 28 U.S.C. § 1404(a), which authorizes changes of venue "for the convenience of parties and witnesses, in the interest of justice." The district judge denied the motion, emphasizing that the Northern District of Illinois was the venue most convenient for the SEC and that a plaintiff's choice of forum is entitled to considerable deference. An order granting or denying a motion under Rule 1404(a) is not a final order, but Presto has filed a petition for a writ of

mandamus asking us to direct the district court to transfer the action to the Western District of Wisconsin. The petition raises the question, on which there are no cases in this court and few elsewhere, of the weight to be given a government agency's appeal to convenience in resisting a motion for change of venue.

Presto faces an uphill fight in seeking mandamus, which is granted only upon a demonstration that the district court "so far exceeded the proper bounds of judicial discretion as to be legitimately considered ursurpative in character or in violation of a clear and indisputable legal right, or at the very least, patently erroneous" and that the injury caused by the challenged order cannot be repaired by any means other than mandamus, such as by waiting till the appeal from the final judgment. *In re Rhone-Poulenc Rorer Inc.*, 51 F.3d 1293, 1295 (7th Cir. 1995); *In re Sandahl*, 980 F.2d 1118, 1119 (7th Cir. 1992). The requirement of irreparable harm is fulfilled in this case. Granted that unrecoverable costs of litigation, such as attorneys' fees, do not count as irreparable harm, *FTC v. Standard Oil Co.*, 449 U.S. 232, 244 (1980); *Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974); *PaineWebber Inc. v. Farnam*, 843 F.2d 1050 (7th Cir. 1988)—otherwise every interlocutory ruling in a litigation would be subject to immediate appellate review via mandamus—Presto would not have an adequate remedy for an improper failure to transfer the case by way of an appeal from an adverse final judgment because it would not be able to show that it would have won the case had it been tried in a convenient forum.

Whether the denial of the motion to transfer was patently erroneous, or indeed erroneous at all, is much more doubtful, especially since, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501,

508 (1947); see also *Zelinski v. Columbia 300, Inc.*, 335 F.3d 633, 643 (7th Cir. 2003); *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 70 (2d Cir. 2003). Rarely, however, is not never. See, e.g., *Chicago Rock Island & Pac. R.R. v. Igoe*, 220 F.2d 299, 305 (7th Cir. 1955); *In re Horseshoe Entertainment*, 337 F.3d 429, 434-35 (5th Cir. 2003); cf. *Hustler Magazine, Inc. v. United States District Court*, 790 F.2d 69, 73 (10th Cir. 1986).

According to Presto, the only relation between the Northern District of Illinois and the SEC's lawsuit is that it was the agency's Midwest Regional Office, which is located in Chicago, that conducted the investigation leading up to the suit. This is a bit of an exaggeration, since Presto operates throughout the country and at least two investors alleged to have been harmed by its alleged violation of the Investment Company Act are located in Chicago. But this is just to say that Chicago is one permissible venue for the suit; it may not be the most convenient, or the most just. A number of Presto's potential witnesses are located in the Western District of Wisconsin, which is where Presto's headquarters is located (in the city of Eau Claire), while it appears that the only persons who would be inconvenienced by having to litigate in that district rather than in Chicago would be members of the SEC's Midwest Regional Office staff. Moreover, all Presto's potential witnesses, some of whom may be reluctant to become involved in the litigation, are within the subpoena power of the federal district for the Western District of Wisconsin, but are out of subpoena range of the district court in Chicago. (Although defendants in federal securities cases, including cases under the Investment Company Act, can be subpoenaed wherever located, see 15 U.S.C. §§ 77v, 78aa, 80a-49, witnesses are subject to the usual 100-mile limitation. See *Fey v. Walston & Co., Inc.*, 493 F.2d 1036, 1053 n. 21 (7th Cir. 1974); *Brockton Savings Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 10

(1st Cir. 1985).) And the original documents in the case are located in the Western District of Wisconsin as well, at Presto's headquarters. The Western District of Wisconsin also has a lighter docket than the Northern District of Illinois, a factor relevant to the "interest of justice" criterion in section 1404(a). So really the only thing on the side of a Chicago venue is the convenience of the SEC, which is in turn a function of its decision on where to locate its regional offices. The reason that Presto was not investigated by the SEC's office in Wisconsin is that the SEC has no office in Wisconsin.

We can find only two reported appellate cases (both involving the SEC, just like this case, and neither recent) on the weight if any that is to be given to a federal agency's convenience in a change of venue analysis under section 1404(a). See *SEC v. Savoy Industries, Inc.*, 587 F.2d 1149, 1155 (D.C. Cir. 1978); *Golconda Mining Corp. v. Herlands*, 365 F.2d 856 (2d Cir. 1966). Given the vast resources of the federal government, it might seem that the government would rarely if ever be seriously inconvenienced by being compelled to litigate in a district more convenient to the defendant. But that would be unrealistic. Federal agencies have limited resources, and the SEC in particular is often outgunned by the affluent defendants that it sues. The SEC cannot afford a regional office in every state. It has only eleven regional offices and the only one in the midwest is the Chicago office, which is much closer to the Western District of Wisconsin than the next closest regional office, which is the one in Atlanta. It is not as if the SEC were trying to make Presto defend in Miami, where another of its regional offices is located.

When plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative

venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff, as the cases cited earlier make clear. See also *Wyndham Associates v. Bintliff,* 398 F.2d 614, 620-21 (2d Cir. 1968). We think this principle should hold even when one of the parties is a federal agency that will suffer inconvenience if forced to litigate in the defendant's district because the agency or its field office is in another district. When government lawyers and investigators incur time and travel costs to litigate in a remote forum, the burden falls on the taxpayer, who finances the federal government and who is no less worthy of the protection of the law than corporate officers, shareholders, and employees.

We doubt that the balance of convenience actually favors the SEC or even that we have a tie. Given the location of documents, the limited subpoena power of the Northern District of Illinois with regard to Presto's potential witnesses, and the lighter docket in the Western District of Wisconsin, we suspect that the balance favors the Western District. But the balance is not so far askew as to justify the extraordinary relief sought by Presto.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*