## GUARDIAN MEDIA TECHNOLOGIES, LTD., Plaintiff,

v.

## MUSTEK SYSTEMS, INC., Mustek, Inc., Infocus Corporation and Akira Tecwell, Inc., Defendants.

No. 06–255–S.

United States District Court, W.D. Wisconsin.

July 26, 2006.

Michael J. Modl, Axley Brynelson, LLP, Madison, WI, Michael S. Dowler, Thomas Casagrande, Vidya Bala, Howrey LLP, Houston, TX, for Guardian Media Technologies.

Joseph R. Re, Irfan A. Lateef, Marko R. Zoretic, Knobbe, Martens, Olson & Bear, LLP, Irvine, CA, James R. Cole, Quarles & Brady, LLP, Madison, WI, for Mustek Inc.

James R. Cole, Quarles & Brady, LLP, Madison, WI, M. Matthews Hall, Alleman, Hall, McCoy, Russell & Tuttle, LLP, Portland, OR, for InFocus.

James R. Cole, Quarles & Brady, LLP, Madison, WI, Renee Rothauge, Bullivant, Houser, Bailey, PC, Portland, OR, for Akira Tecwell, Inc.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff Guardian Media Technologies, Inc. commenced this patent infringement action alleging that defendants Mustek Systems, Inc., Mustek, Inc., InFocus Corporation and Akira, Tecwell, Inc. are infringing its United States Patents Nos. 4,930,158 and 4,930,160 (Collectively "patents"). Jurisdiction is based on 28 U.S.C. § 1331 and 1338. The matter is presently before the Court on defendants' motion to stay the action pending resolution of a reexamination procedure in the Patent and Trademark Office and, alternatively, to transfer the case to the District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a). The following facts are undisputed for purposes of the present motions.

## BACKGROUND

Plaintiff, a limited partnership with its principal place of business in Texas, owns the patents which concerns "V-chip" technology that enables operators to restrict electronic devices from displaying certain materials. Plaintiff does not manufacture or sell devices which include the patented technology. Plaintiff conducts no business in Wisconsin. Plaintiff has offered to license the patent to each of the defendants. The patents expire in August, 2008 and are presently the subject of a reexamination procedure in the Patent and Trademark Office.

Defendant Mustek Systems, Inc. has its principal place of business in Taiwan. Defendants Mustek, Inc. and Akira have principal places of business in California. Defendant InFocus has its principal place of business in Oregon. Defendants' products

are sold in Wisconsin, but they have no other relationships with, or presence in, Wisconsin.

## MEMORANDUM

Although defendants advance their motions for stay and to transfer venue as alternatives of one another they are in fact distinct issues which are not alternatives. The motion to transfer venue concerns the determination of the appropriate location for trial while the motion for stay addresses the timing of trial. Furthermore, the determination of which court should conduct the trial naturally precedes the question of when the trial should be held. Accordingly, notwithstanding the phrasing of the motions, the Court first addresses whether it should conduct the trial in Wisconsin or transfer venue to the District Court for the Central District of California.

A motion for change of venue is governed by 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

There is no dispute that this action might have been brought in the United States District Court for the Central District of California. Accordingly, the Court's inquiry focuses solely on "the convenience of parties and witnesses, in the interest of justice." In ruling on this transfer motion the Court must consider all circumstances of the case, using the three statutory factors as place holders in its analysis. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir.1986).

■ The Central District of California is undoubtedly more convenient than the Western District of Wisconsin for the defendants. Two of the defendants reside in California and California is obviously more proximate to and more easily accessed from both Oregon and Taiwan where the other defendants reside. It is not particularly relevant that only one defendant actually resides in the Central District. Concerning plaintiff, even disregarding the fact that plaintiff may have some historical connection to California, it appears no less convenient to travel from Texas to California than from Texas to Wisconsin. California is significantly more convenient for the parties as a whole because it is substantially more convenient for each of the four defendants and no less convenient for the plaintiff.

A similar improvement in convenience can be assumed for witnesses which are employed or otherwise within the control of the parties. No party has suggested that a non-party witness has relevant testimony. If there were such witnesses it is virtually certain that they would not reside within this Court's subpoena power.

■ The interest of justice considerations are limited to the fact that the matter is likely to be resolved more quickly here than in the Central District of California. As this Court has often noted, the relative speed with which an action may be resolved is a potentially important consideration in patent cases, particularly where a patent holder seeks to enjoin its competitors from using plaintiff's invention to gain a potentially irreversible advantage in the marketplace or where plaintiff seeks lost profit damages which are inherently difficult to prove. In this case, however, plaintiff does not compete against the defendants. Rather, its strategy appears to freely license its patents and it has offered to license them to each of the defendants. While a less congested docket and an earlier trial date remain considerations in the interest of justice factor, *see In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir.2003) they assume less weight in the present circumstances. The weight

of this factor is further reduced by the possibility that the interest of justice will be advanced by permitting the Patent and Trademark Office to resolve the issues pending before it prior to trial.

The venue transfer motion involves the balancing of the enhancement of the convenience of the parties against the likelihood of a later trial date. In view of the obvious and substantial improvement in convenience for the parties and witnesses and the reduced importance of a speedy resolution, the circumstances compel a transfer to the District Court for the Central District of California. The motion for stay is properly resolved by the transferee court.

### ORDER

IT IS ORDERED that defendants motion to transfer venue to the District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a) is GRANTED.