In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-3808

IN RE:  GEORGE W. MATHIAS,

*Petitioner*.

Petition for Writ of Mandamus from the United States
District Court for the Central District of Illinois.
No. 16-CV-1323 — **Michael M. Mihm**, *Judge*.

SUBMITTED DECEMBER 23, 2016 — DECIDED AUGUST 10, 2017

Before BAUER, RIPPLE, and SYKES, *Circuit Judges*.

SYKES, Circuit Judge. This mandamus petition raises a question of first impression in this circuit: Does ERISA's venue provision, 29 U.S.C. § 1132(e)(2), preclude enforcement of a forum-selection clause in an employee-benefits plan? George Mathias, the plan beneficiary and mandamus petitioner here, argues that it does; the Secretary of Labor, as amicus curiae, supports that interpretation. The respondent health plans argue that § 1132(e)(2) is permissive only and does not invalidate a forum-selection clause contained in plan documents.

Only one circuit has addressed this question. The Sixth Circuit has held that an ERISA plan's forum-selection clause is enforceable even if it overrides the beneficiary's choice of a venue permitted by § 1132(e)(2). *Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922, 931–34 (6th Cir. 2014), *cert. denied*, No. 14-1168 (Jan. 11, 2016). The court reasoned that because the statute is phrased in permissive terms—it states that a suit "may be brought" in one of several federal judicial districts—it does not preclude the parties from contractually channeling venue to a particular federal district. *Id.* at 932. We agree and join the Sixth Circuit in holding that ERISA's venue provision does not invalidate a forum-selection clause contained in plan documents.

## I. Background

This case is in its early stages and the mandamus petition raises a single legal issue, so we can be brief about the factual and procedural background. From 1978 to 1997, Mathias worked for Caterpillar, Inc., at its plant in York, Pennsylvania. In May 1997 he experienced serious health issues, and the Social Security Administration declared him disabled as of that date. Caterpillar covered his health insurance as an employee on long-term disability, billing him accordingly for his portion of the premium. In September 2012 Mathias chose to retire retroactively, effective October 1, 2009. Caterpillar failed to change Mathias's status and did not realize its mistake until the middle of 2013. The company then notified Mathias that he owed more than $9,500 in past-due premiums, which reflected the difference between the rate for a long-term disabled employee and the rate for a retired

employee. When Mathias did not pay that amount, Caterpillar terminated his benefits.

Mathias sued Caterpillar and the relevant health plans in federal court in the Eastern District of Pennsylvania.[1] (We'll refer to the defendants collectively as "Caterpillar.") The plan documents require suit in federal court in the Central District of Illinois, so Caterpillar moved to transfer the case under 28 U.S.C. § 1404(a). Mathias opposed the motion, arguing that the forum-selection clause is invalid in light of § 1132(e)(2), ERISA's venue provision. Judge Robreno of the Eastern District of Pennsylvania rejected that argument, relying primarily on the Sixth Circuit's decision in *Smith*, which held that forum-selection clauses in ERISA plans are enforceable and not inconsistent with the text of ERISA's venue provision or the purposes of ERISA more generally. 769 F.3d at 931–34. Judge Robreno accordingly granted Caterpillar's motion and transferred the case to the Central District of Illinois.

When the case arrived in the Central District, Mathias moved to transfer it back to Pennsylvania—either to the Eastern or Middle District[2]—again arguing that the plan's forum-selection clause is invalid under § 1132(e)(2). Judge Mihm denied the motion.

---

[1] The company maintains several health plans covering active and retired employees.

[2] Mathias lives in the Middle District of Pennsylvania. Caterpillar's York plant, where he worked, is also located there. Caterpillar has dealerships in the Eastern District of Pennsylvania.

Mathias petitioned for mandamus relief in this court. He asks us to direct Judge Mihm to transfer the case to the Eastern or Middle District of Pennsylvania. Caterpillar has responded, and Mathias tendered a reply brief with a motion for leave to file it. We now grant that motion and accept the reply brief. In addition, we invited the Secretary of Labor to file an amicus curiae brief. He has done so and supports Mathias's interpretation of § 1132(e)(2). The matter is ready for decision.

## II. Analysis

We begin by noting that mandamus is the appropriate procedural method to obtain review of a district court's decision on a § 1404(a) transfer motion. Without the availability of mandamus relief, the question of proper venue escapes meaningful appellate review. *In re Hudson*, 710 F.3d 716, 717 (7th Cir. 2013); *In re LimitNone, LLC*, 551 F.3d 572, 575 (7th Cir. 2008) (per curiam); *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663 (7th Cir. 2003).

Mathias could have asked the Third Circuit for mandamus relief from Judge Robreno's transfer order, but for reasons not clear to us, he waited to seek appellate review until after Judge Mihm denied his motion to send the case *back* to Pennsylvania. Appellate review would have been more appropriate in the Third Circuit, where the transferor court sits. *See* 15 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3846 (4th ed. 2016). In considering Mathias's motion to *re*transfer, Judge Mihm was bound by law-of-the-case principles that apply to transfer decisions of another district court.

Constrained by those principles, the motion was highly unlikely to succeed. Although a court may revisit a prior decision of its own or a coordinate court, it ordinarily should not do so "in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). "[T]he policies supporting the doctrine [of law of the case] apply with even greater force to transfer decisions than to decisions of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation." *Id.* at 816; *see also United States v. Wyatt*, 672 F.3d 519, 523 (7th Cir. 2012) ("[I]n the usual case another court should not respond by batting the suit back again.").

Unsurprisingly then, Mathias's retransfer motion failed. Judge Mihm found no clear defect or manifest injustice in Judge Robreno's ruling that the plan's forum-selection clause is valid and enforceable. With no controlling Supreme Court or Seventh Circuit precedent, Judge Mihm quite reasonably deferred to Judge Robreno's decision, which drew primarily on the Sixth Circuit's opinion in *Smith*, the only appellate ruling on this subject. Judge Mihm also looked to a recent decision by a district judge in the Southern District of Illinois collecting district-court decisions on this issue, most of which follow *Smith*. *Feather v. SSM Health Care*, 216 F. Supp. 3d 934 (S.D. Ill. 2016) (collecting cases).

Like Judge Robreno before him, Judge Mihm rejected Mathias's argument that § 1132(e)(2) gives plan beneficiaries

a statutory right to their choice of venue. He observed that forum-selection clauses are "not inconsistent with the purposes of ERISA generally or its venue statute in particular." The judge went on to explain that a forum-selection clause like the one at issue here "allows a plaintiff access to federal courts when it provides for venue in a federal court" and "promotes other ERISA policies, including uniformity of administration and reducing costs, which benefit all participants and beneficiaries."

Our review of Judge Mihm's order necessarily incorporates the merits of Judge Robreno's original transfer decision. *Alexander v. Erie Ins. Exch.*, 982 F.2d 1153, 1156 (7th Cir. 1993); *see also Posnanski v. Gibney*, 421 F.3d 977, 980–81 (9th Cir. 2005); *SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 177 (2d Cir. 2000); *Hill v. Henderson*, 195 F.3d 671, 677 (D.C. Cir. 1999). Law-of-the-case principles do not insulate the question from appellate review. *Christianson*, 486 U.S. at 817; *Minch v. City of Chicago*, 486 F.3d 294, 302 (7th Cir. 2007); *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001). If the district court applied the wrong standard, mandamus relief may be appropriate. *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 575 (2013).

As in all mandamus proceedings, however, the party seeking mandamus in the transfer context "has an uphill fight"; the writ may be used to reverse a transfer decision "only if the applicant can show that the transfer order is a 'violation of a clear and indisputable legal right, or, at the very least, is patently erroneous.'" *Hudson*, 710 F.3d at 718–19 (quoting *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1295 (7th Cir. 1995) (alteration omitted)); *see also In re Balsimo*, 68 F.3d

185, 187 (7th Cir. 1995). That steep standard has not been met here.

The transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." § 1404(a). The Supreme Court has recently reiterated that § 1404(a) is the proper "mechanism for enforcement of forum-selection clauses that point to a particular federal district." *Atl. Marine*, 134 S. Ct. at 579. But the § 1404(a) analysis is much narrower in this context:

> In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations. Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve "the convenience of parties and witnesses" and otherwise promote "the interest of justice." § 1404(a)

> The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum." *Stewart* [*Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)]. The "enforcement of valid forum-selection

clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id.* at 33 (Kennedy, J., concurring). For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote "the interest of justice," "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.*

*Atl. Marine*, 134 S. Ct. at 581.

*Atlantic Marine* clarified that "[t]he presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways. First, the plaintiff's choice of forum merits no weight." *Id.* Second, and relatedly, "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id.* at 582. The Court explained that a contractual forum-selection clause is an agreed-upon predispute allocation of the plaintiff's "venue privilege" and the parties' respective private interests. *Id.* at 581–82. Accordingly, to resolve a transfer motion in this context, "a district court may consider arguments about public-interest factors only." *Id.* at 582. And because public-interest factors will "rarely defeat" a transfer to the contractually chosen forum, "the practical result is that forum-selection clauses should control except in unusual cases." *Id.*

Although ERISA plans are a special kind of contract and courts are attentive to the statutory goal of protecting bene-

ficiaries, an ERISA plan is nonetheless a contract. *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 911 (7th Cir. 2013) (explaining that a claim for benefits "is governed by a federal common law of contract keyed to the policies codified in ERISA"); *Herzberger v. Standard Ins. Co.*, 205 F.3d 327, 330 (7th Cir. 2000). And the Supreme Court held long ago—well before *Atlantic Marine* limited the scope of the § 1404(a) analysis in this context—that contractual forum-selection clauses are presumptively valid even in the absence of arm's-length bargaining. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593–95 (1991).

What all this means for the present dispute is that the forum-selection clause in the Caterpillar plan is controlling *unless* ERISA invalidates it. The relevant part of ERISA's venue provision states:

> Where an action under this subchapter is brought in a district court of the United States, it *may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found,* and process may be served in any other district where a defendant resides or may be found.

§ 1132(e)(2) (emphasis added). Nothing in this text *expressly* invalidates forum-selection clauses in employee-benefits plans.

Mathias argues that ERISA's broad beneficiary-protection purpose requires us to read this language as conferring on plan beneficiaries a statutory right to choose any of the listed venues without regard to a forum-selection clause contained

in the governing plan documents. This beneficiary right of venue choice, the argument goes, maximizes ERISA's goal of "protect[ing] … the interests of participants … by provid-ing … ready access to the Federal courts." 29 U.S.C. § 1001(b). With support from the Secretary of Labor, Mathias argues that forum-selection clauses in plan documents are categori-cally invalid because they deprive plan participants and beneficiaries of the right to select from the menu of venue options offered by § 1132(e)(2).

The Sixth Circuit has carefully considered and rejected this interpretation of ERISA's venue provision. *Smith*, 769 F.3d at 931–33. At issue in *Smith* was a pension plan's forum-selection clause directing litigation to federal court in Iowa. *Id.* at 925. A beneficiary sued in Kentucky instead, arguing that the plan's forum-selection clause was invalid under § 1132(e)(2). As here, the Secretary of Labor appeared as amicus curiae in support of the beneficiary's position. The Sixth Circuit rejected that view, noting that the statute is not phrased in rights-granting terms: it states only that when a civil action is brought in federal court, "it *may be brought* in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." § 1132(e)(2) (emphasis added). This "may be brought" phrasing is entirely permissive, and no other statutory language precludes the parties from contractually narrowing the options to one of the venues listed in the statute. *Smith*, 769 F.3d at 931–32.

The Sixth Circuit also explained that forum-selection clauses channeling litigation to a particular federal court preserve ready access to federal court, consistent with the

general policy expressed in § 1001(b). *Id.* at 931. Finally, the court observed that plan language limiting litigation to a single federal district promotes uniformity in decisions interpreting the plan, thus reducing administrative costs for plan sponsors and beneficiaries alike.[3] *Id.* at 931–32.

Though *Smith* was not unanimous, *see id.* at 934–36 (Clay, J. dissenting), we find the majority's reasoning convincing. The Sixth Circuit's analysis is faithful to the statutory text and not inconsistent with the broader statutory policy of maintaining access to federal court. Moreover, the forum-selection clause in the Caterpillar plan funnels litigation to a venue listed in § 1132(e)(2) and so has simply settled on one of the various statutory options. *See Fry v. Exelon Corp. Cash Balance Pension Plan*, 571 F.3d 644, 646 (7th Cir. 2009) ("Employers are entitled to vary by contract those aspects of pension plans ERISA makes variable … ."). As the Sixth Circuit explained in *Smith*, ERISA's statutory scheme "is built around reliance on the face of written plan documents," 769 F.3d at 929–30 (quoting *US Airways, Inc. v. McCutchen*, 133 S. Ct. 1537, 1548 (2013)), and sponsoring employers and plan administrators are given significant leeway in the design of benefits plans.

In support of their position, Mathias and the Secretary direct us to an obscure decision of the Supreme Court: In *Boyd v. Grand Trunk Western Railroad Co.*, 338 U.S. 263 (1949) (per curiam), the Court invalidated a contractual

---

[3] The Sixth Circuit declined to defer to the views of the Secretary of Labor. *See Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922, 926–29 (7th Cir. 2014). The Secretary has not argued for agency deference in this case.

forum-selection clause as inconsistent with the Federal Employers' Liability Act ("FELA"). *Boyd* involved a railroad employee who was injured on the job and twice received advances from his employer while he was recuperating, each time signing a stipulation that any suit regarding the accident would be brought in the county or district where the injury occurred. *Id.* at 263–64.

In a brief per curiam opinion, the Court invalidated the stipulated forum clause, noting that the agreements were signed after the employee was injured and limited fora otherwise available under FELA. *Id.* at 265–66. This limitation, the Court held, violated a provision in FELA voiding "[a]ny contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this Act." *Id.* at 265.

*Boyd* is a bit of a relic, but it has not been overruled. Mathias and the Secretary urge us to give it controlling force here. We're not inclined to extend *Boyd* to modern forum-clause jurisprudence. *Boyd* was decided in an era of marked judicial suspicion of contractual forum selection. The Court has since adopted "a more hospitable attitude toward forum-selection clauses." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Indeed, as *Atlantic Marine* holds, a contractual choice of forum is now considered controlling "except in unusual cases." 134 S. Ct. at 582.

More to the point here, *Boyd* sheds no light on the proper interpretation of ERISA's venue provision. As we've explained, nothing in the text of § 1132(e)(2) precludes the parties from contractually channeling litigation to a particu-

lar federal district. Nor is contractual forum selection incompatible with ERISA's policy goals more generally. "ERISA represents a 'careful balancing' between ensuring fair and prompt enforcement of rights under a plan and the encouragement of the creation of such plans." *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459, 2470 (2014) (quoting *Conkright v. Frommert*, 559 U.S. 506, 517 (2010)); *see also Varity Corp. v. Howe*, 516 U.S. 489, 497 (1996) (explaining that "courts may have to take account of competing congressional purposes" when examining to what extent ERISA requires departing from common-law trust requirements). As the Sixth Circuit observed in *Smith*, forum-selection clauses promote uniformity in plan administration and reduce administrative costs and in that sense are consistent with the broader statutory goals of ERISA. 769 F.3d at 931–32.

The forum-selection clause in the Caterpillar plan chooses from among the venue options listed in § 1132(e)(2), and nothing in the statute makes that choice invalid. Accordingly, we hold that the plan's forum-selection clause is enforceable.[4] Mathias's petition for a writ of mandamus is DENIED.

---

[4] The Eighth Circuit recently considered a very similar petition for a writ of mandamus in which the petitioner argued that a contractual forum-selection clause was invalid under ERISA's venue provision and sought retransfer of the case. *In re Clause*, No. 16-2607 (8th Cir. Sept. 27, 2016), *cert. denied*, 84 U.S.L.W. 3344 (U.S. Jan. 17, 2017) (No. 16-641). After consideration of an amicus curiae brief filed by the Secretary of Labor, the Eighth Circuit denied the petition without explanation. *Id.*

RIPPLE, *Circuit Judge*, dissenting. My esteemed colleagues have voted to deny the petition. Their opinion, as well as the thoughtful opinions of other courts that have taken that position, demonstrate that their view is a very defensible perspective on a very difficult issue.[1] Nevertheless, I part company

---

[1] As my colleagues have noted, the question presented here has been presented previously in many district courts throughout the country, and the majority have determined that forum selection clauses are not inconsistent with ERISA. Among our sister circuits, only the Sixth has considered the question. In *Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922 (6th Cir. 2014), *cert. denied*, 136 S. Ct. 791 (2016), the panel held, over a dissent, that the clause was enforceable. It first considered the views of the Secretary and concluded that they were entitled to no deference both because the question was one of pure statutory interpretation and because the opinion expressed by the Secretary had not been consistently asserted over the life of the statute. Turning to the statutory question without the benefit of the Secretary's position, the court concluded that ERISA's venue provision is permissive, because its language provides only that an ERISA action "*may* be brought" in one of several districts and that Congress nowhere prohibited the parties from narrowing those options. *Id.* at 932. The court further reasoned that forum selection clauses are consistent with ERISA's statutory scheme because it is built around reliance on the face of written plan documents and because employers are given large leeway in the design of pension plans. *Id.* at 929–30 (*citing US Airways, Inc. v. McCutchen*, 133 S. Ct. 1537, 1548 (2013)).

Judge Clay dissented. He concluded that the public policy embodied in ERISA was designed to protect the interests of plan participants and the statute explicitly set forth as an enacted purpose to remove jurisdictional and procedural obstacles. *Id*. at 935–36 (Clay, J., dissenting). He wrote that the broad venue provision

> is indispensable for many of those individuals whose
> rights ERISA seeks to protect, since claimants in suits for

because, in my view, the statutory text of ERISA, read in context and in light of the purposes of the statute, gives plan participants certain procedural protections, including a right to select from among the venues enumerated in the statute.

Mr. Mathias admittedly has to face an array of general principles that militate against acceptance of his position. First, although federal law once disfavored forum selection clauses, after the Supreme Court's decision in *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), courts have accepted them as prima facie valid. Indeed, the Supreme Court has not required forum selection clauses to be the result of arms-length negotiations in order to be enforceable. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593–95 (1991). General principles governing the transfer of cases within the federal system also militate against his position, as outlined in the majority opinion. *See* Op. at 7–8 (discussing *Atl. Marine Constr. Co., Inc. v. United States Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568 (2013)). Mr. Mathias also must contend with the basic principle of ERISA interpretation that the Plan must be administered according to the plan documents, and, here, the documents plainly state that suit can be brought only in the Central District of Illinois.

In the face of these general principles, Mr. Mathias, along with the Secretary of Labor, contend that the forum selection

---

> plan benefits—retirees on a limited budget, sick or disabled workers, widows and other dependents—are often the most vulnerable individuals in our society, and are the least likely to have the financial or other wherewithal to litigate in a distant venue.

*Id.* at 935.

clause in this case is *invalid*, and that therefore the district court should have employed the traditional 1404(a) inquiry without any reference to the forum selection clause in the plan documents. Their core contention is that forum selection clauses in ERISA plan documents cannot narrow the venues available to a plaintiff so as to exclude a venue specifically authorized by the ERISA venue provision. That provision states that a challenge under the relevant subchapter of ERISA "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). The Secretary views this provision as intentionally protective of the ERISA beneficiary. It ensures that the beneficiary has recourse to the federal court at a place near where the benefit was due. While he acknowledges that fiduciaries must "discharge … duties … in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of" the statute, *id.* § 1104(a)(1), he points out that the statute ought to be read "to protect … the interests of participants in employee benefit plans … by providing for appropriate remedies, sanctions, and ready access to the Federal courts," *id.* § 1001(b). Therefore, he argues, the special venue provisions cannot be cancelled out by agreement between the employer and the plan.

I think there is merit in the Secretary's view. Certainly, the Supreme Court's cases have sanctioned the widespread use of forum selection clauses. But, as the Supreme Court has made clear, "[a] contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong

public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *The Bremen*, 407 U.S. at 15. In my view, a contractual clause that restricts the right of an ERISA plan participant to an action in a forum far away from his home and his place of employment[2] with the defendant contravenes the strong public policy embodied in ERISA itself. I am persuaded by the opinion of Judge Torresen in the District of Maine, in *Dumont v. PepsiCo, Inc.*, No. 1:15-cv-469-NT, -- F. Supp. 3d --, 2016 WL 3620736 (D. Me. June 29, 2016). As she notes, ERISA was enacted in 1974 against a back-drop of public dissatisfaction with the private pension system. The subchapter before us in the present action,

> entitled "Protection of Employee Benefit Rights[,]" sets forth the Congressional findings and contains a declaration of policy. 29 U.S.C. § 1001. In enacting ERISA, Congress found that the "continued well-being and security of millions of employees and their dependents are directly affected by [employee benefit plans]." Id. § 1001(a). Congress further declared that a policy of ERISA was "to protect … the interests of participants in employee benefit plans and their beneficiaries … by providing for appropriate

---

[2] Mr. Mathias, a resident of Hanover, Pennsylvania, employed by Caterpillar most recently in York, Pennsylvania, brought this action against his employer and the relevant plans in the Eastern District of Pennsylvania. Both of these cities are within the confines of the Middle District of Pennsylvania. Mr. Mathias claimed venue was proper in the Eastern District under the clause of the ERISA venue provision allowing an action "where a defendant resides or may be found," 29 U.S.C. § 1132(e)(2), citing Caterpillar's distributorships throughout the Eastern District. See R.7-3 at 1–2.

> remedies, sanctions, and *ready access to the Fed-
> eral Courts*." Id. § 1001(b) (emphasis added).

*Dumont*, 2016 WL 3620736, at *7 (second, third, and fourth al-
terations in original). In ERISA, Congress chose to enact a spe-
cific venue provision, rather than relying on the general fed-
eral venue rules provided by § 1391. As Judge Torresen notes,
the Supreme Court considered a similarly worded special
venue provision under the Federal Employers' Liability Act
in *Boyd v. Grand Trunk Western Railroad Co.*, 338 U.S. 263
(1949), and concluded that "[t]he right to select the forum
granted in [FELA's venue provision] is a substantial right. It
would thwart the express purpose of the [statute] to sanction
defeat of that right by the device at bar." *Id.* at 266. The "de-
vice at bar" that the Court considered was an *individually ne-
gotiated instrument* between an injured worker and his em-
ployer, following the injury, that limited the worker's choice
of venue in exchange for money. In short, in considering a dif-
ferent protective statute, the Court found a "right" to the
venue that could not be abrogated by a directly negotiated
contract for consideration with the beneficiary. Although
*Boyd* was decided prior to *The Bremen* and in an era of skepti-
cism toward forum selection clauses, its holding on the ques-
tion of statutory interpretation remains intact. Although the
Sixth Circuit concluded that the "permissive" language of the
ERISA venue provision did not create a right to the enumer-
ated venues, *see Smith v. Aegon Companies Pension Plan*, 769
F.3d 922, 932 (6th Cir. 2014), such a decision is hard to square
with *Boyd*'s holding.

As Judge Torresen notes, an ERISA plan beneficiary is in
a unique and difficult position with respect to a forum selec-

tion clause embedded in the plan documents. An ERISA beneficiary has *no* role in the negotiation or even the acceptance of the plan terms. Unlike the plaintiffs in cases like *Shute*, who chose to enter a contract as a party, even though they did not negotiate the terms in an arms-length transaction, an ERISA beneficiary is, as a practical matter, simply a *beneficiary* of an agreement that other parties have negotiated and accepted.

Although I reach this result on the basis of my own interpretation of the statute, I hasten to add that I also am persuaded that the Secretary's interpretation is indeed entitled to respect. Although "[c]ertain aspects of statutory interpretation remain within the purview of the courts" rather than "properly understood as delegated by Congress to an expert and accountable administrative body," *Negusie v. Holder*, 555 U.S. 511, 531 (2009) (Stevens, J., concurring in part and dissenting in part), I believe that we need to give some respect to the interpretation of the officer charged with the administration of the statute. While I would reach the same result on the basis of my own analysis, I respectfully acknowledge the Secretary's expertise with respect to the statute.

Accordingly, I respectfully part company with my esteemed colleagues. In my view, the forum selection clause at issue is invalid and unenforceable because it is inconsistent with the forum selection rights protected by § 1132. I therefore conclude that mandamus relief is appropriate in the present case. I would direct the district court to retransfer the case for adjudication.