Ripple, Circuit Judge,
dissenting.
My esteemed colleagues have voted to deny the petition. Their opinion, as well as the thoughtful opinions of other courts that have taken that position, demonstrate that their view is a very defensible perspective on a very difficult issue.[1] Nevertheless, I part company because, in my view, the statutory text of ERISA, read in context and in light of the purposes of the statute, gives plan participants certain procedural protections, including a right to select from among the venues enumerated in the statute.
Mr. Mathias admittedly has to face an array of general principles that militate against acceptance of his position. First, although federal law once disfavored forum selection clauses, after the Supreme Court’s decision in The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), courts have accepted them as prima facie valid. Indeed, the Supreme Court has not required forum selection clauses to be the result of arms-length negotiations in order to be enforceable. See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-95, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). General principles governing the transfer of cases within the federal system also militate against his position, as outlined in the majority opinion. See Op. at 731 (discussing Atl. Marine *735 Constr. Co., Inc. v. United States Dist. Court for the W. Dist. of Tex., — U.S. -, 134 S.Ct. 568, 187 L.Ed.2d 487 (2013)). Mr. Mathias also must contend with the basic principle of ERISA interpretation that the Plan must be administered according to the plan documents, and, here, the documents plainly state that suit can be brought only in the Central District of Illinois.
In the face of these general principles, Mr. Mathias, along with the Secretary of Labor, contend that the forum selection clause in this case is invalid, and that therefore the district court should have employed the traditional 1404(a) inquiry without any reference to the forum selection clause in the plan documents. Their core contention is that forum selection clauses in ERISA plan documents cannot narrow the venues available to a plaintiff so as to exclude a venue specifically authorized by the ERISA venue provision. That provision states that a challenge under the relevant subchapter of ERISA “may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.” 29 U.S.C. § 1132(e)(2). The Secretary views this provision as intentionally protective of the ERISA beneficiary. It ensures that the beneficiary has recourse to the federal court at a place near where the benefit was due. While he acknowledges that fiduciaries must “discharge ,.. duties ... in accordance with the documents and instruments governing the plan insofar as such doeuments and instruments are consistent with the provisions of’ the statute, id. § 1104(a)(1), he points out that the statute ought to be read “to protect ... the interests of participants in employee benefit plans ... by providing for appropriate remedies, sanctions, and ready access to the Federal courts,” id. § 1001(b). Therefore, he argues, the special venue provisions cannot be cancelled out by agreement between the employer and the plan.
I think there is merit in the Secretary’s view. Certainly, the Supreme Court’s cases have sanctioned the widespread use of forum selection clauses. But, as the Supreme Court has made clear, “[a] contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.” The Bremen, 407 U.S. at 15, 92 S.Ct. 1907. In my view, a contractual clause that restricts the right of an ERISA plan participant to an action in a forum far away from his home and his place of employment[2] with the defendant contravenes the strong public policy embodied in ERISA itself. I am persuaded by the opinion of Judge Torre-sen in the District of Maine, in Dumont v. PepsiCo, Inc., 192 F.Supp.3d 209 (D. Me. 2016). As she notes, ERISA was enacted in 1974 against a backdrop of public dissatisfaction with the private pension system. The subchapter before us in the present action,
entitled “Protection of Employee Benefit Rights[,]” sets forth the Congressional findings and contains a declaration of policy. 29 U.S.C. § 1001. In enacting *736 ERISA, Congress found that the “continued well-being and security of millions of employees and their dependents are directly affected by [employee benefit plans].” Id. § 1001(a). Congress further declared that a policy of ERISA was “to protect ... the interests of participants in employee benefit plans and their beneficiaries ... by providing for appropriate remedies, sanctions, and ready access to the Federal Courts.” Id. § 1001(b) (emphasis added).
Dumont, 192 F.Supp.3d at 218 (second, third, and fourth alterations in original). In ERISA> Congress chose to enact a specific venue provision, rather than.relying on the general federal venue rules provided by § 1391. As Judge Torresen notes, the Supreme Court considered a similarly worded special venue provision under the Federal Employers’ Liability Act in Boyd v. Grand Trunk Western Railroad Co., 338 U.S. 263, 70 S.Ct. 26, 94 L.Ed. 55 (1949), and concluded that “[t]he right to select the forum granted in [FELA’s venue provision] is a substantial right. It would thwart the express purpose of the [statute] to sanction defeat of that right by the device at bar.” Id. at 266, 70 S.Ct. 26. The “device at bar” that the Court considered was an individually negotiated instrument between an injured worker and his employer, following the injury, that limited the worker’s choice of venué in exchange for money. In short, in considering a different protective statute, the Court found a “right” to the venue that could not be abrogated by a directly negotiated contract for consideration with the beneficiary. Although Boyd was decided prior to The Bremen and in an era of skepticism toward forum selection clauses, its holding on the question of statutory interpretation remains intact. Although the Sixth Circuit concluded that the “permissive” language of the ERISA venue provision did not create a right to the enumerated venues, see Smith v. Aegon Companies Pension Plan, 769 F.3d 922, 932 (6th Cir. 2014), such a decision is hard to square with Boyd’s holding.
As Judge Torresen notes,' an ERISA plan beneficiary is in a unique and difficult position with respect to a forum selection clause embedded in the plan documents. An ERISA beneficiary has no role in the negotiation or even the acceptance of the plan'terms. Unlike the plaintiffs in cases like Shute, who chose to enter a contract as a party, even though they did not negotiate the terms in an arms-length transaction, an ERISA beneficiary is, as a practical matter, simply a beneficiary of an agreement that other parties have negotiated and accepted.
Although I reach this result on the basis of my own interpretation of the statute, I hasten to add that I also am persuaded that the Secretary’s interpretation is indeed entitled to respect. Adthough “[c]er-tain aspects of statutory interpretation remain within the purview of the courts” rather than “properly understood as delegated by Congress to an expert and accountable administrative body,” Negusie v. Holder, 555 U.S. 511, 531, 129 S.Ct. 1159, 173 L.Ed.2d 20 (2009) (Stevens, J., concurring in part and dissenting in part), I believe that we need to give some respect to the interpretation of the officer charged with the administration of the statute. While I would reach the same result on the basis of my own analysis, I respectfully acknowledge the Secretary’s expertise with respect to the statute.
Accordingly, I respectfully part company with my esteemed colleagues. In my view, the forum selection clause at issue is invalid and unenforceable because it is inconsistent with the forum selection rights protected by § 1132.1 therefore conclude that mandamus relief is appropriate in the *737 present ease. I would direct the district court to retransfer the case for adjudication.

. As my colleagues have noted, the question presented here has been presented previously in many district courts throughout the country, and the majority have determined that forum selection clauses are not inconsistent with ERISA. Among our sister circuits, only the Sixth has considered the' question. In Smith v. Aegon Cos. Pension Plan, 769 F.3d 922 (6th Cir. 2014), cert. denied, — U.S. -, 136 S.Ct. 791, 193 L.Ed.2d 708 (2016), the panel held, over a dissent, that the clause was enforceable. It first considered the views of the Secretary and concluded that they were entitled to no deference both because the question was one of pure statutory interpretation and because the opinion expressed by the Secretary had not been consistently asserted over the life of the statute. Turning to the statutory question without the benefit of the Secretary's position, the court concluded that ERISA’s venue provision is permissive, because its language provides only that an ERISA action "may be brought” in one of several districts and that Congress nowhere prohibited the parties from narrowing those options. Id. at 932. The court further reasoned that forum selection clauses are consistent with ERISA’s statutory scheme because it is built around reliance on the face of written plan documents and because employers are given large leeway in the design of pension plans. Id. at 929-30 (citing US Airways, Inc. v. McCutchen, 569 U.S. 88, 133 S.Ct. 1537, 1548, 185 L.Ed.2d 654 (2013)).
Judge Clay dissented. He concluded that the public policy embodied in ERISA was designed to protect the interests of plan participants and the statute explicitly set forth as an enacted purpose to remove jurisdictional and procedural obstacles. Id. at 935-36 (Clay, J., dissenting). He wrote that the broad venue provision
is indispensable for many of those individuals whose rights ERISA seeks to protect, since claimants in suits for plan benefits—retirees on a limited budget, sick or disabled workers, widows and other dependents—are often the most vulnerable individuals in our society, and are the least likely to have the financial or other wherewithal to litigate in a distant venue.
Id. at 935.

. Mr. Mathias, a resident of Hanover, Pennsylvania, employed by Caterpillar most recently in York, Pennsylvania, brought this action against his employer and the relevant plans in the Eastern District of Pennsylvania. Both of these cities are within the confínes of the Middle District of Pennsylvania. Mr. Mathias claimed venue was proper in the Eastern District under the clause of the ERISA venue provision allowing an action "where a defendant resides or may be found,” 29 U.S.C. § 1132(e)(2), citing Caterpillar's distributorships throughout the Eastern District. See R.7-3 at 1-2.