17-554-cv
*DeBello v. VolumeCocomo Apparel, Inc. et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of December, two thousand seventeen.

PRESENT:  BARRINGTON D. PARKER,
          GERARD E. LYNCH,
          DENNY CHIN,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GLENN DEBELLO,
                    *Plaintiff-Appellant*,

          v.                                              17-554-cv

VOLUMECOCOMO APPAREL, INC.,
VOLUMECOCOMO APPAREL OF NEW YORK,
INC., YONG AHN, AKA ANDREW AHN, HYOSIK
CHANG, AKA CHRIS CHANG,
                    *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:          VALDI LICUL, Vladeck, Raskin & Clark, P.C.,
                                  New York, New York.

FOR DEFENDANTS-APPELLEES:      Andreas E. Theodosiou, Braverman
                               Greenspun, P.C., New York, New York.

Appeal from the United States District Court for the Southern District of New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Glenn DeBello appeals a January 26, 2017 judgment of the district court, entered pursuant to a January 25, 2017 memorandum and order, dismissing DeBello's employment discrimination claims alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and state and local law, under the doctrine of *forum non conveniens.* Dismissal was based on a contractual forum selection clause designating the Superior Court of Los Angeles, West Judicial District as the exclusive venue for DeBello's claims. DeBello principally argues that the forum selection clause violates a public policy preference, embodied in Title VII's special venue provision, for litigating employment discrimination claims in a venue local to the plaintiff. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We draw the following facts from the parties' pleadings and affidavits, *Martinez v. Bloomberg LP*, 740 F.3d 211, 216 (2d Cir. 2014), and view them in the light most favorable to DeBello, *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007). In October 2012, defendant-appellee VolumeCocomo Apparel, Inc. ("VolumeCocomo"),

a clothing manufacturer with U.S. offices in New York and Los Angeles, hired DeBello, an experienced sales professional, as its Vice President of Product Development and Private Brands for an initial term of three years at an annual salary of $360,000. Defendant-appellee VolumeCocomo Apparel of New York, Inc., is a wholly-owned subsidiary of VolumeCocomo and defendants-appellees Yong Ahn and Hyosik Chang are executives of both companies. VolumeCocomo's headquarters in Los Angeles house its travel, accounting, payroll, and human resources departments, as well as the teams responsible for design, production, and price-setting. To carry out his responsibilities, DeBello regularly communicated with VolumeCocomo's California employees and once traveled to California.

DeBello alleged that VolumeCocomo's employees, including DeBello's supervisor Mitchell Rudnick, repeatedly harassed and humiliated DeBello because they believed he was too feminine and because of what they perceived to be his sexual orientation. The harassment took place in New York and occurred almost daily. In February 2013, DeBello complained about his treatment to Rudnick, who ignored and dismissed his concerns. In March 2013, VolumeCocomo reduced DeBello's annual salary by one-third, and in April 2013, VolumeCocomo fired DeBello without explanation.

DeBello's employment agreement (the "Agreement") includes a choice of law and forum selection clause, which provides as follows: "Any dispute arising from

the relationship between the parties to this Agreement shall be governed by and construed under and according to California law, and any action or arbitration based thereon shall be venued in the Superior Court of Los Angeles, West Judicial District." App. 35 ¶ 4.3. The Agreement also contains a provision confirming that the "parties have each received independent legal advice from attorneys of their own choosing with respect to the terms of this Agreement" and that the attorneys had the opportunity to review the Agreement and make changes. *Id.* ¶ 4.9.

In October 2013, DeBello filed a discrimination complaint with the U.S. Equal Employment Opportunity Commission, which issued DeBello a notice of right to sue in October 2015. On January 13, 2016, DeBello brought this action against defendants alleging discrimination, a hostile work environment, and retaliation in violation of Title VII, the New York State Human Rights Law, N.Y. Exec. Law § 296 *et seq.*, and N.Y.C. Administrative Code § 8-107 *et seq.*, as well as breach of contract under California common law. On April 11, 2016, defendants moved to dismiss under the doctrine of *forum non conveniens* based on the Agreement's forum selection clause. The district court granted the motion to dismiss. This appeal followed.

The "appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013). Although we have not decided the standard of review for dismissal of a suit under *forum non*

*conveniens* based on a forum selection clause, *Martinez*, 740 F.3d at 217, we need not address that issue here, because we conclude that the district court's dismissal was proper even under *de novo* review.

A forum selection clause is presumptively enforceable if it was "reasonably communicated to the party resisting enforcement," has "mandatory force," and "covers the claims and parties involved in the dispute." *Phillips*, 494 F.3d at 383. DeBello does not dispute that the forum selection clause at issue is presumptively enforceable.

A party can rebut the presumption by demonstrating that enforcement of the clause "would be unreasonable or unjust" under *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972). *Martinez*, 740 F.3d at 227 (citation omitted). We decline to enforce a forum selection clause if: "'(1) its incorporation was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum' in which suit is brought; 'or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court.'" *Id.* at 228 (quoting *Phillips*, 494 F.3d at 392). Under the third *Bremen* factor, the only one on which DeBello relies, we decide whether enforcement contravenes a strong public policy of the forum state by looking to "federal cases or statutes . . . because such materials may constitute declarations of public policy that justifies invalidating a forum selection clause." *Id.*

The district court rejected DeBello's argument that enforcement of the forum selection clause contravenes public policy, concluding that DeBello failed to demonstrate that the California state court could not adequately adjudicate his claims or protect his civil rights. DeBello contends that he was not required to make either showing.

We agree with DeBello that a forum selection clause may be deemed invalid based solely on its conflict with a strong public policy of the forum state. Under *Martinez*'s plain language, the four factors offer independent grounds for invalidating a forum selection clause. *See* 740 F.3d at 228; *see also Bremen*, 407 U.S. at 15 ("A contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision."). In challenging a forum selection clause, a plaintiff *may* argue that the contractual forum is inadequate, but he or she is not required to do so.

DeBello argues that the forum selection clause at issue contravenes a strong public policy, reflected in Title VII's special venue provision, for litigating employment discrimination claims in a local venue affected by the discriminatory acts. Title VII provides for venue in the judicial district where (1) the unlawful employment practice took place, (2) the employment records relevant to the practice are maintained and administered, or (3) the plaintiff would have worked but for the unlawful

employment practice. 42 U.S.C. § 2000e-5(f)(3).[1] But if the employer is not located in any of those districts, then venue is proper in the judicial district of the employer's principal office. *Id.* The venue provision was designed to "prevent 'national companies with distant offices' from seeking to discourage claims by 'forc[ing] plaintiffs to litigate far from their homes.'" *Martinez*, 740 F.3d at 228–29 (alteration in original) (quoting *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 505 (9th Cir. 2000)); *see also Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102 (D.C. Cir. 1969) ("[T]he intent of Congress to limit venue to the judicial district concerned with the alleged discrimination seems clear.").

We have declined to "adopt a *per se* rule" giving contractual forum selection clauses "dispositive effect where the civil rights laws are concerned," noting the "strong federal public policy favoring enforcement of the civil rights laws so important to the advancement of modern society." *Red Bull Assocs. v. Best Western Int'l, Inc.*, 862 F.2d 963, 967 (2d Cir. 1988). Although we find no circuit court decisions squarely addressing this issue, several district courts have held forum selection clauses

---

[1]     Title VII's venue provision provides in relevant part:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

unenforceable where they conflict with Title VII's special venue provision. *See, e.g.,*
*Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 961 (M.D. Tenn. 2008); *Thomas v. Rehab. Servs.*
*of Columbus, Inc.*, 45 F. Supp. 2d 1375, 1381 (M.D. Ga. 1999).

We conclude, however, that in the circumstances here, DeBello's public
policy argument does not overcome the presumption that "a valid forum-selection
clause [should be] given controlling weight in all but the most exceptional cases." *Atl.*
*Marine*, 134 S. Ct. at 581 (alteration in original) (quoting *Stewart Org., Inc. v. Ricoh Corp.*,
487 U.S. 22, 33 (1988) (Kennedy, J., concurring)). This is not an exceptional case. In
*Martinez*, we upheld a forum selection clause designating England as the exclusive
forum for the plaintiff's claims under the Americans with Disabilities Act, despite the
Act's incorporation of Title VII's special venue provision and the "Act's identification of
a strong federal interest in combatting discrimination based on disability." 740 F.3d at
229. We are not persuaded here that the freely-bargained forum selection clause is
unenforceable based solely on its conflict with a policy preference reflected in Title VII's
special venue provision. Although DeBello is deprived of his choice of venue, he
retains his right to litigate his discrimination claims. *Cf. Desiderio v. Nat'l Ass'n of Sec.*
*Dealers, Inc.*, 191 F.3d 198, 205 (2d Cir. 1999) (compulsory arbitration clauses enforceable
for Title VII claims). Moreover, DeBello, an experienced professional who was hired for
an executive position at a relatively high salary, willingly entered into his employment
agreement knowing it contained a forum selection clause, and he did so after he had the

opportunity to consult with an attorney and make changes to the Agreement. VolumeCocomo is headquartered in Los Angeles and DeBello regularly interacted with VolumeCocomo's California-based employees.

We emphasize that forum selection clauses do not have "dispositive effect where the civil rights laws are concerned," *Red Bull*, 862 F.2d at 967, and we do not foreclose the possibility that a conflict with Title VII's special venue provision, combined with other factors, may render a forum selection clause unenforceable. We hold simply that DeBello has not made a sufficient showing here.

We have considered DeBello's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk